THE MIAMI COUNTY NATIONAL BANK, OF PAOLA, v. GEORGE D. BARKALOW, as *Sheriff of Miami County*.

1. CHATTEL MORTGAGE, *Validity of—Replevin—Pleading.* A failing firm transferred a stock of merchandise by chattel mortgage to the plaintiff. Subsequently it was seized by the sheriff under executions issued upon judgments obtained against the firm. Plaintiff then, claiming under its mortgage, brought an action of replevin to recover the possession of the goods. The sheriff answered by a general denial. No substitution of the judgment creditors was asked for or obtained. *Held,* That the sheriff, as the representative of the creditors, was entitled to make any defense which they might have made had substitution been effected. *Held, further,* That the sheriff, under the general denial, might prove that the mortgage to plaintiff was a fraud upon the creditors of the failing firm.

2. ATTACHMENT, *Decision Vacating, not Res Judicata.* The decision of a court vacating an attachment obtained by the creditors, upon the ground that the transfer was fraudulent, is not such an adjudication as will preclude a reëxamination of the same subject-matter in a regular form of action in the same or a subsequent controversy.

3. MORTGAGE, *Void in Toto.* While the plaintiff was entitled to take security from the failing firm for the amount actually due from them, the inclusion in the mortgage of a large debt due to plaintiff from one who was not a member of the firm, and which amounted to more than the entire assets of the firm, rendered the mortgage void *in toto.*

### *Error from Miami District Court.*

ACTION in replevin by the *Bank* against *Barkalow*, as sheriff. At the February term, 1890, there was a judgment for defendant, and plaintiff comes to this court. The opinion states the material facts.

*Sheldon & Sheldon,* for plaintiff in error:

The fact of a misjoinder of parties, if a misjoinder, was disclosed by the petition, and the defendant should, if he desired to raise the question, have raised it by motion or answer, or have challenged the sufficiency of the petition before plaintiff introduced any testimony. Having failed to do so, he waived the defect, if such there was. *Hurd v. Simpson,* 47 Kas. 372; *Coulson v. Wing,* 42 id. 510.

The court erred in allowing the sheriff to introduce testimony, over the objection of the bank, to show that the giving and accepting of the chattel mortgage held by the bank was for the purpose of defrauding, delaying or hindering creditors. The judgment creditors did not ask to be substituted in the place of the sheriff. They did not ask to interplead, or take any steps to come into the action and join issues with the bank as to the *bona fides* of the chattel-mortgage transaction. The sheriff did not set up or allege any title or right to the possession in himself, and did not aver fraud of any kind on the part of anyone. If there had been nothing but a verbal agreement between J. H. Carroll & Co. and the bank, and

possession surrendered to the bank as security, it could have held the possession to secure the amount actually due it. See *Weil v. Ryus,* 39 Kas. 564; *Bates v. Wiggin,* 37 id. 44.

The sheriff could levy only on the interest of J. H. Carroll & Co. in said property, and they did not have the right of possession until what they owed the bank was paid. We submit that as to the officer holding the execution (and that must run against the judgment debtor alone), the court erred in allowing the sheriff to make the defense he did in this action. *Ament v. Greer,* 37 Kas. 648; *Rankine v. Greer,* 38 id. 343; *Easter v. Traylor,* 41 id. 495. And especially was it error when there was simply a general denial filed by the sheriff, and no one substituted for him and no interpleas filed. *Lewis v. Burnham,* 41 Kas. 546.

We submit that as to these four judgment creditors, whose claims amounted in the aggregate to $971.11, the attachment proceedings were *res adjudicata.*

If the theory of the defendant's counsel, that judgment creditors could raise all questions of fraud through the sheriff, as they were allowed to do, is correct, they certainly could not raise issues through the sheriff that they would not be permitted to raise if they were the parties to the action. It is a well-settled rule that the law of *res adjudicata* applies as well to facts litigated as to causes of action. *Hoisington v. Brakey,* 31 Kas. 564; *Whitaker v. Hawley,* 30 id. 327; *Railroad Co. v. Comm'rs of Anderson Co.,* 47 id. 766. See, also, *Ellis v. Crowl,* 46 Kas. 100; *Shepard v. Stockham,* 45 id. 244; *Hoge v. Norton,* 22 id. 374; *Kerr v. Reese,* 27 id. 471; *Comm'rs of Wilson Co. v. McIntosh,* 30 id. 234.

The court should not have allowed the jury to take into consideration, in arriving at the amount of the sheriff's interest, the amount of these four judgments. These creditors would not come in as they might have done. See *Wafer v. Harvey Co. Bank,* 36 Kas. 294.

We submit that the testimony in the case, under proper instructions, does not sustain the verdict.

*W. H. Browne, W. T. Johnston,* and *John C. Sheridan,* for defendant in error:

The plaintiff claims that the execution creditors should have been substituted for this defendant before the question of fraud could be raised against the said chattel mortgage to the plaintiff. But it is unnecessary to discuss this question, as no authorities are cited by the plaintiff, and the right of the sheriff to make such defense is well settled in this state. *Hoisington v. Brakey,* 31 Kas. 560.

The plaintiff also complains that the defendant should not, under his general denial, have been allowed to introduce any evidence attacking the plaintiff's chattel mortgage for fraud. But upon this proposition the plaintiff cited no authorities, and that such proof can be made under a general denial, is well established by the decisions of this court. 8 Kas. 273; 9 id. 176; 13 id. 344; 20 id. 657. See, also, 45 Ohio St. 657.

This brings us to the controlling question in the case — the validity of the plaintiff's said chattel mortgage. Upon this point the proof overwhelmingly shows, that on the date of the execution of that chattel mortgage, and for a long time prior thereto, J. H. Carroll & Co. were hopelessly insolvent, and that all the members of the firm, as well as the plaintiff and T. M. Carroll, were fully aware of such insolvency. The pretext that there was any reason, obligation or good faith in signing and including the $2,700 note in the chattel mortgage is not substantial enough to even make a shadow. The bank was thoroughly secured by T. M. Carroll's signature and by the mortgage on real estate of Frank S. Carroll and wife for the $2,700 note; but even if it had no security, that $2,700 note was not even a debt of either member of the firm of J. H. Carroll & Co., much less of the firm itself, and the partnership, then being utterly insolvent, could not prefer a debt of either member of the firm to a third party, much less the debt of a third party. 8 Kas. 40; 10 id. 455; 2 Bates, Partn., §§ 820–824; 1 id., §§ 564–566.

The opinion of the court was delivered by

JOHNSTON, J.: This was a controversy regarding the validity of a mortgage and transfer of a stock of groceries, made by J. H. Carroll & Co. to the Miami County National Bank, of Paola. The mortgage was executed to secure an actual indebtedness of the firm to the bank of about $300, and also a claim of $2,700 which the bank held against Frank S. Carroll, who was not a member of the firm of J. H. Carroll & Co. Immediately after the execution of the mortgage, the bank took possession of the stock of goods. They were subsequently seized by George D. Barkalow, as sheriff, under eight executions issued from the district court, upon judgments that had been rendered against J. H. Carroll & Co. The bank and one T. S. McLachlin, who had also obtained a mortgage upon the stock, commenced a joint action of replevin against the sheriff, and upon a trial the court sustained a demurrer filed by the defendant, upon the ground that there was a misjoinder of parties plaintiff. They then asked permission to file separate petitions, which was denied, and the jury was discharged. Afterward, upon the application of plaintiffs, a new trial was granted, when a separate petition was filed by plaintiff, and a separate action docketed. The sheriff answered with a general denial, and a trial was had with a jury, which resulted in a verdict for the defendant, that he was entitled to the stock of groceries, the value of which was $1,450, and that the sheriff's interest therein was $1,532.33. Judgment was rendered against the bank, in favor of the sheriff, for the return of the property, or the recovery of the value of the same, with costs.

In this proceeding for review, the first ruling criticised is the one holding that there was a misjoinder of plaintiffs as the action was originally brought. As a new trial was granted, that ruling is no longer material.

It is contended that there was error in permitting the sheriff to introduce evidence attacking the *bona fides* of the chattel mortgage, and to show that it was taken by the bank

for the purpose of hindering, delaying or defrauding the creditors of J. H. Carroll & Co.   The judgment creditors were never substituted as defendants in place of the sheriff, and, as his answer was a general denial, it is contended that he was not entitled to prove that the mortgage to the bank was a fraud upon the creditors of J. H. Carroll & Co.   While the creditors might have been substituted, upon the application of themselves and of the sheriff, such a substitution was not essential to the making of a complete defense by the sheriff. He was the representative of all the creditors in whose favor the executions were issued, and entitled to make

1. Chattel mortgage, validity of—replevin—pleading. any defense which they might have made had substitution been effected.   If there was a conflict of interest among the creditors, it would furnish a strong reason for substitution or the making of such creditors parties with the sheriff; but in this case no such conflict existed, and no application for substitution was made.  ( Civil Code, § 45; *Hoisington v. Brakey*, 31 Kas. 560; *Wafer v. Harvey County Bank*, 36 id. 292.)   Under the general denial filed by the sheriff, he was entitled to introduce evidence attacking the chattel mortgage taken by the bank for fraud and invalidity.  (*Holmberg v. Dean*, 21 Kas. 73, and cases cited.)

In four of the actions wherein the execution creditors obtained judgments, attachments were sued out, and, upon motions of the bank and of J. H. Carroll & Co., these attachments were vacated and discharged.   It is now contended that as to those creditors the rulings upon the attachment were conclusive, upon the principle of *res adjudicata*.   The decision of an interlocutory motion, such as these

2. Attachment, decision vacating, not res judicata. were, is not conclusive, and will not prevent a reëxamination of the same subject-matter in a regular form of action in the same or in a subsequent controversy.  (*Stapleton v. Orr*, 43 Kas. 170.)

It is further contended, that the testimony is insufficient to sustain the verdict and judgment.   Under the rule by which

the testimony must be ·measured in this court, we think it must· be held to be sufficient to sustain the result that was reached. We must assume from the testimony and verdict that the bank included in the mortgage given by the firm a claim of $2,700, which the firm did not owe. The insolvent condition of the firm was well known to the bank, and, with a knowledge that creditors were pressing for a settlement of their claims, the bank included with its small debt against the firm an indebtedness of another, which appears to have been well secured, and which was about 10 times as large as the debt of the firm, thus covering by mortgage the entire assets of the failing firm. Indeed, the amount of the debt named in the mortgage was more than double the value of the mortgaged goods. The mortgage was hurriedly executed, and with the purpose that the bank should at once take possession of the entire stock. It is true, there was an effort made to show that Jennie C. Carroll, one of the firm, was in a certain sense liable for the $2,700 debt included in the mortgage, but the finding of the jury negatives that claim. The charge of the court fairly and fully presented the case to the jury, and leaves the plaintiff no ground for the complaint that is made. They were fully advised that a debtor, although financially embarrassed, might in good faith prefer one creditor to another, and, further, that partners, if they acted in good faith, might mortgage the partnership property to secure the payment of the individual debt of one of the partners. They were further properly instructed, that if the $2,700 note was not a debt of the firm nor of either one of the partners, then the giving of the chattel mortgage by the firm upon the property of the partnership to secure that note was fraudulent and void, although the same mortgage included a just debt from the firm to the bank of about $373. While a small part of the debt was just and due, the acts of the firm and the plaintiff, as disclosed by the testimony and findings, in including an amount in the mortgage so greatly in excess

3. Mortgage,    of the real debt of the firm, entirely destroys the
void in toto.   validity of the mortgage, so that it furnishes no
security for the actual debt covered by it. (*Wallach v. Wylie*, 28 Kas. 138; *Winstead v. Hulme*, 32 id. 568; *McDonald v. Gaunt*, 30 id. 693; *Beavers v. McKinley*, 50 id. 602.)

The judgment of the district court will be affirmed.

All the Justices concurring.