THE NATIONAL MORTGAGE AND DEBENTURE COM-
PANY v. EPHRAIM J. LASH et al.

No. 160.

1. AGENT—*authorized to negotiate loan, lender's payment to, is payment to principal.* Where an agent is authorized in writing to negotiate a loan of money to be secured by mortgage on real estate, and is furnished by the mortgagors with the note and mortgage to perfect the loan, and receives the money from the mortgagee on the delivery of the note and mortgage; the payment of the money to the agent is a payment to the principal, and the mortgagee is not liable for a failure of the agent to pay the money over to his principal.

2. REVERSAL OF JUDGMENT—*where evidence necessary to prove material fact entirely wanting.* Where there is evidence on the trial of a cause tending to prove each fact necessary to entitle the party to recover, and the jury returns a verdict in his favor, and the same has been approved by the trial court; the Appellate Court will not disturb the verdict or judgment rendered thereon, although it would have come to a different conclusion on the entire evidence; but where there is an entire lack of evidence to prove some material fact necessary to enable the party to recover, this court will reverse the judgment of the lower court and remand the case for a new trial.

Error from Reno District Court. Hon. L. Houk, Judge. Opinion filed January 5, 1897. *Reversed.*

This action was brought by the defendants in error against the plaintiff in error, in the District Court of Reno County, to recover money for which the plaintiffs claimed they had made and delivered their note and mortgage on real property in the city of Hutchinson. The plaintiffs below, in writing, appointed the Kansas Mortgage Company, of Topeka, their agent to procure the loan, and after all the loan papers were executed, delivered them to that company. V. P. Caffry represented the mortgage company as its agent at Hutchinson and attended to the execution of the papers. Among the papers was one called the

"blue order"—so styled because it was printed on blue paper—which reads as follows:

"HUTCHINSON, May 9, 1889.
"Pay V. P. Caffry, or order, the proceeds of the loan by you negotiated for us with the National Mortgage and Debenture Company and this shall be your receipt therefor. ,         EPHRAIM J. LASH.
ANNA M. LASH.
ROBERT H. SMITH."

The loan is what is known as a "building loan," that is, the plaintiffs below borrowed the money with the intention of using it in the construction of a building on vacant lots. The mortgage company secured the money from the National Mortgage and Debenture Company, plaintiff in error, and delivered to them the note and mortgage of the defendants in error and also the "blue order." The trial resulted in a verdict for the plaintiffs below and defendant below brings the case here.

*McKinstry & Fairchild*, for plaintiff in error.
*Wright & Stout*, for defendants in error.

JOHNSON, P. J. The evidence throughout shows that the transaction by which this loan was procured was by and through the Kansas Mortgage Company of Topeka, Kan.; that the negotiations were made by it with the defendant below, and the papers to perfect the loan were prepared by it; that, when the papers were executed at Hutchinson and sent to the mortgage company at Topeka, the "blue order" was with them, and that on the delivery of the note, mortgage, application for the loan, abstract of title and the "blue order," the money for the loan was then paid over to the mortgage company and the papers delivered to the plaintiff in error. If, as claimed by

the plaintiffs below, the "blue order" was never executed by them, their agent was the party who used it, together with all other papers affecting this loan, and represented that it was genuine, and the plaintiffs below were bound by the acts and representations of their agent in and about the procuring of the loan and the obtaining of the money thereon. The Kansas Mortgage Company, having been authorized in writing to negotiate the loan, having negotiated it under its appointment as agent and having been intrusted with all the papers necessary to perfect the loan, and the defendant below having paid the money over to the agent thus authorized to negotiate the loan, was not responsible for the further application of the money loaned. It had made the loan, received the papers on which it made it, and had a right to pay the money over to the agent authorized to negotiate the loan; and, having done so, was not liable to plaintiffs below for the acts of their own agent. If the Kansas Mortgage Company of Topeka, after having received the money, failed to account to plaintiffs below, they could maintain their action against that company for failure to pay over the money received on their account. Lash testified that the proceeds arising from the loan were to be disbursed by paying for the lot, the material that went into the house which Smith and he were building, and for the carpenter work on said house; and if there was any balance Smith and he were to get it. He does not say who was to disburse the proceeds. The evidence does not show whether the money was disbursed by the mortgage company in the way stated by him or not, nor the cost of the building, nor whether there was any balance to be paid over to Lash and Smith. The evidence shows that the plaintiff in error and the Kan-

sas Mortgage Company of Topeka, Kan., were separate corporations.

Where there is any evidence tending to prove each fact necessary to entitle a party to recover, and the jury has returned a verdict in his favor which has been approved by the trial court, the Appellate Court will not reverse the judgment of the district court founded thereon, although it would have come to a different conclusion upon the whole evidence; but where there is an entire lack of evidence to prove any material fact necessary to entitle the party to recover, this court will reverse the judgment of the lower court and remand the case for a new trial. The evidence in this case fails entirely to show anything which would authorize a recovery against the National Mortgage and Debenture Company, and the motion for a new trial should have been granted.

The judgment is reversed and the case remanded to the District Court, with direction to set aside the verdict and judgment and grant a new trial therein.