THE NATIONAL MORTGAGE AND DEBENTURE COMPANY
v. EPHRAIM J. LASH *et al.*

### No. 10969.

PLEADING AND PRACTICE—*Action on Written Contract—Abuse of
Discretion.* Where an action is brought on a written contract
not in the possession of the plaintiff, and the substance only is at-
tempted to be set up in the petition, and the defendant by an un-
verified answer denies the averments of the petition, and the case
is tried through on the theory that the terms of the contract are
in issue, and where afterward, on a second trial, the plaintiff him-
self attaches a copy of the contract which was in fact executed to
his deposition, and swears that his action is founded on such con-
tract, it is an abuse of discretion for the court to refuse to permit
the defendant to verify its answer, and to exclude proof of the
contract in fact made and of facts tending to defeat the plaintiff's
cause of action under it.

Error from Reno district court; MATTHEW P. SIMP-
SON, judge.  Opinion filed January 7, 1899.  Re-
versed.

*McKinstry & Fairchild,* and *J. D. McCue,* for plain-
tiff in error.

*Wright & Stone,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J. : This action was commenced in the dis-
trict court of Reno county by Ephraim J. Lash and
wife and Robert H. Smith against the plaintiff in
error. It was alleged in the petition that on or about
the 16th day of May, 1889, the plaintiffs entered into
a written contract with the defendant, by the terms of
which the plaintiffs were to receive a loan of $2201.35
from the defendant on the completion of a certain two-
story dwelling-house on a lot in Hutchinson ; that the
plaintiffs executed and delivered their note and mort-

gage for $2500, payable in five years, with interest; that the contract and note were in the possession of the defendant, and for that reason the plaintiffs were unable to attach copies thereof to the petition; that the building had been completed according to the terms of the agreement and accepted by the defendant; that the plaintiffs had performed all the terms and conditions of the contract, and by reason thereof were entitled to the payment of the sum first mentioned, and that the defendant refused to pay the same. The defendant answered, denying generally the averments of the petition, and alleging that all moneys that were ever due to the plaintiffs on account of their loan were paid to V. P. Caffrey on the written order of the plaintiffs, a copy of which was attached to the answer. The plaintiffs replied with a verified denial of the execution of the order. In March, 1891, the case was tried, and resulted in a verdict and judgment in favor of the plaintiffs for $1622.79. On proceedings in error this judgment was reversed and the cause remanded for a new trial. (*National Mortgage Co. v. Lash*, 5 Kan. App. 633, 47 Pac. 548.) On the 26th of April, 1897, the case was again tried, and resulted in a verdict for the plaintiffs for $3043, on which judgment was entered. The defendant now brings the case to this court for review. The defendant's answer was not verified.

The first evidence offered by the plaintiffs was the deposition of Ephraim J. Lash, one of the plaintiffs, to which was attached as an exhibit a copy of the written application for the loan, signed by Lash and Smith, from which it appears that the application was made to the Kansas Mortgage Company, and in which were contained representations as to the title to the lot and value of the lot and buildings, and au-

Mortgage Co. v. Lash.

thority to the mortgage company to perfect any flaws in the title at the expense of the applicants. It contained representations that there was nothing due for work or materials furnished for improvements on the property and that there were no liens thereon except such as were shown by the abstract. In the deposition Lash testified that the original application, of which that attached to the petition was a copy, was the application which was the basis of the action. A stipulation had been made and signed by the attorneys for the parties in the case agreeing that a copy corresponding to that attached to the deposition of Lash was a true copy of the original, and that it might be used in evidence the same as the original. Before the deposition was allowed to be read in evidence, the court of its own motion excluded from the consideration of the jury those parts of the deposition which referred to the application, holding that the execution of a contract in writing of the legal import stated in the petition was admitted by the failure of the defendant to verify the answer, and that evidence proving a different contract was inadmissible. It is to be observed that the deposition containing this testimony was the deposition of one of the plaintiffs and was offered by the plaintiffs in proof of their case. Thereupon, the defendant asked leave to verify its answer denying the allegations with reference to the terms of the contract. This the court refused to permit, and rigidly excluded all evidence with reference to the terms of the written contract, and also with reference to the existence of liens upon the property.

It appeared from the depositions of the plaintiffs that there were unsatisfied liens on the property, and that the terms of the application had not been complied with, and that the plaintiffs under their own

testimony were not entitled to collect the amount awarded them; but by the exclusion of their own sworn statements they succeeded in getting a judgment as before stated. The defendant offered to show that a mechanic's lien amounting in the aggregate to between six and seven hundred dollars had been foreclosed against the plaintiffs and the property sold to satisfy the claim. The defendant also offered the original case-made on which the prior judgment was reversed, for the purpose of showing that the case was then tried on the theory that the averments of the petition with reference to the terms of the contract were in issue and that the application was then received in evidence. The plaintiffs objected, and the objection was sustained. It was a manifest abuse of discretion, under the circumstances, for the court to refuse to permit the defendant to verify its answer. It was also error for the court to exclude the evidence showing that the plaintiffs were not entitled to receive the amount of their loan. The net result of the transaction, as appears from the evidence admitted and the competent evidence offered but excluded, seems to be that the plaintiff in error paid the amount of the loan to Caffrey on an order which the jury find was not executed by the plaintiffs. It holds a note for $2500 and interest, but the property covered by the mortgage given to secure the loan has been sold to satisfy prior liens. The result of the trial of this case was that the mortgage company was adjudged to pay the plaintiffs $3043 more, with a very dubious prospect of ever collecting anything in return for it. This result hardly commends itself to our sense of justice. The judgment is reversed, and the cause remanded for a new trial.