No. 19,908.

ARTEMAS WARD, doing business under the firm name of WARD & GOW, *Appellee*, v. THE ABILENA SALES COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. ORDER GRANTING CONTINUANCE—*No Appeal Therefrom.* Under section 565 of the code of civil procedure, an appeal can not be taken from an order granting a continuance.

2. SAME—*Continuance Granted on Verbal Request—Not Appealable.* Where a demurrer to evidence has been filed, it is not error from which an appeal can be taken to grant a continuance, on a verbal request therefor, to procure additional evidence, although the demurrer is not disposed of and is good as against the evidence introduced.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed May 6, 1916. Dismissed.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellant.

*C. E. Rugh,* of Abilene, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant agreed to pay the plaintiff $800 per month for thirty-six months for spaces rented of the plaintiff in which to place advertising matter in certain stations of the street-railway systems of Greater New York. Payments were to be made monthly in advance. The defendant agreed to furnish the advertising matter. This it never did. On the trial the plaintiff proved the contract, his ability, readiness, and the arrangements he had made to perform the same, and the defendant's breach by failing to furnish the advertising matter, and to pay for the four months sued for. The plaintiff did not prove the cost of putting up the advertising matter. The defendant demurred to the plaintiff's evidence. The demurrer was by the court "held to be good," but it was not sustained or overruled. The plaintiff made verbal application for time to procure further evidence, and the court continued the cause and discharged the jury, over the objections of the defendant. The defendant appeals.

1. The defendant's principal argument is that the court erred in continuing the cause without a written application

therefor, made upon affidavit, showing the grounds of continuance as required by section 315 of the code of civil procedure. Other sections of the code prevent the consideration of this question at this time.  Prior to 1909, section 542 of the then code of civil procedure read, in part:

"The supreme court may also reverse, vacate or modify any of the following orders of a district court or other court of record, or a judge thereof, except a probate court: 1. A final order.  2. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; that grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee, or that sustains or overrules a demurrer. 3. An order that involves the merits of an action or some part thereof."

This section was changed in 1909, and is now section 565 of the code of civil procedure, and reads:

"The supreme court may [also] reverse, vacate or modify any of the following orders of.the district court or a judge thereof, or of any other court of record, except a probate court.

"*First.*—A final order.

"*Second.*—An order that discharges, vacates or modifies a provisional remedy; or that grants, refuses, vacates or modifies an injunction; or that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer.

"*Third.*—An order that involves the merits of an action, or some part thereof."

When the new code was adopted in 1909, the provision allowing an appeal from an order that grants or refuses a continuance was intentionally omitted.  An appeal can not now be taken from such an order.  It may be error to grant or refuse a continuance, but such error must wait until an appealable order is made.

2.  While the defendant argues only one proposition, that the court erred in continuing the case, yet it asks that the judgment be reversed and the cause be remanded with instructions to sustain the demurrer to the evidence, and enter judgment in favor of the defendant for costs.  In effect, this would be saying that, with the demurrer undisposed of, it was error to continue the trial of the action and that an appeal could be taken from the order granting the continuance.

No judgment has been rendered in this action.  No order has been made from which an appeal can be taken.  The appeal is dismissed.