No. 22,566.

RUFUS ABEL, *Appellee,* v. E. E. HOUNSOM, *Appellant.*

SYLLABUS BY THE COURT.

1. AGENCY—*Allegation of Employment of Real-estate Agent—Allegation Admitted Unless Denied Under Oath.* An allegation in a petition that the plaintiff was employed by the defendant to find a purchaser for certain real property owned by him is admitted unless denied under oath.

2. SAME—*Verification of Answer During Trial Denied.* It was not reversible error to refuse to permit the answer to be verified on the trial.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 10, 1920. Affirmed.

*Lee Monroe, Guy L. Hursh, J. B. Larimer, E. R. Sloan,* and *C. M. Monroe,* all of Topeka, for the appellant.

*A. E. Crane,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is to recover a real-estate agent's commission. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

1. The defendant argues that the court erred in holding, on the introduction of evidence, and in instructing the jury, that the plaintiff's allegation in the petition that the plaintiff was orally employed by the defendant to find a purchaser for certain real property was admitted by the answer. The petition of the plaintiff alleged "that on the 19th day of March, 1918, he was orally employed by E. E. Hounsom, the defendant, to find a purchaser for him" for certain real property. The answer contained a general denial of the allegations of the petition, but was not verified. Section 110 of the code of civil procedure reads in part as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." (Gen. Stat. 1915, § 7002.)

The controversy presented turns on the construction of the words "appointment or authority," contained in the code. The allegation of the petition is equivalent to an allegation that the plaintiff was authorized by the defendant to find a purchaser for him. To that extent the plaintiff was given authority to act for the defendant, and to that extent the allegation comes within the provisions of section 110 of the code of civil procedure. That, in effect, was the holding of the court on the introduction of evidence, and was in effect the instruction to the jury, and this court must conclude that the ruling and instruction of the trial court were correct.

2. On the trial, when the court held that the allegations of the petition concerning the plaintiff's authority were admitted, the defendant asked leave to amend his answer by verifying it. The court refused that request. Why the answer was not verified is not shown. No excuse for failure to verify it is given, and so far as the abstract discloses, none was given to the trial court. The verification of the answer would have changed the issues. The court had discretionary power to control the amendment of the pleadings. (Civ. Code, § 140, Gen. Stat. 1915, § 7032; *Long v. Railroad Co.,* 100 Kan. 361, 164 Pac. 175.) It does not appear that any discretion was abused by refusing to permit the amendment.

The judgment is affirmed.

DAWSON, J., dissents.

PORTER, J. (dissenting): The petition contained no reference to appointment or authority or agency, but was the usual petition in an action to recover a commission for services in finding a purchaser for defendant's lands. The answer was a general denial, unverified.

In stating his case to the jury, counsel for defendant (appellant) said in substance that the evidence would show that plaintiff had nothing to do with making the sale, that defendant "never, at any time employed" plaintiff "as his agent or otherwise to find a purchaser; . . . never agreed, nor was he asked to agree to pay him a commission until after this sale was made"; and concluded his remarks with the usual statement that "under the evidence as it will be brought before you, we expect your verdict to be for the defendant."

Thereupon counsel for plaintiff said:

Abel v. Hounsom.

"After hearing the statement . . . I think possibly that under the pleadings . . . the employment as an agent is admitted. There is no denial of it under oath."

After some discussion, counsel for defendant asked leave to verify the answer, which the trial court denied, and the employment of plaintiff by defendant was considered on the trial as having been admitted by the failure to verify the answer, resulting in a verdict and judgment for the plaintiff.

The petition not having alleged agency or authority, the cause of action stated was no different than if the allegation had been that defendant agreed to pay plaintiff a commission provided plaintiff furnished him with information that would enable him to find a purchaser, and that plaintiff had duly performed. As against a third party who claims to have dealt with an alleged agent, the code requires the person sought to be charged as principal to give notice by verified denial of his intention to question such agency or authority. But the purpose of the provision is to afford protection to third parties against the denial of one that he had appointed or authorized another to act for him when sought to be bound by the other's declarations or acts. No third person raises the question of agency, or authority or appointment, and the law of agency has no more to do with this case than if plaintiff had sued to recover for any other services rendered under a contract, express or implied, by which he was to be paid for his services.

I think, too, that after the court had made the ruling holding that the issues were enlarged by the statement of defendant's counsel, and that the question of agency was involved, it was an abuse of discretion to refuse permission to verify the answer. (*St. L. & S. F. Rly. Co. v. Dudgeon,* 28 Kan. 283, 285; *Mortgage Co. v. Lash,* 60 Kan. 141, 55 Pac. 846; *Gates v. Oil Co.,* 105 Kan. 46, 181 Pac. 570.)