Mallory v. Johnstone.

No. 24,118.

N. E. MALLORY, *Appellee*, v. HARRY JOHNSTONE, THOMAS JOHN-STONE, and JOHN JOHNSTONE, *Appellants*.

### SYLLABUS BY THE COURT.

1. ORDER OF CONTINUANCE—*Not a Final Order—Not Appealable.* Under the code of 1909 an order continuing a cause is not a final order and, therefore, not appealable. (*Ward v. Sales Co.,* 98 Kan. 24, 157 Pac. 406.)

2. APPEAL—*Insufficient Record—Appeal Dismissed.* For the reason that the abstract of the party appealing contains no portion of the testimony upon which the court made the orders complained of, the appeal is dismissed.

Appeal from Gove district court; ISAAC T. PURCELL, judge. Opinion filed January 6, 1923. Dismissed.

*C. A. Spencer,* and *C. Earl Currah,* both of Oakley, for the appellants.
*J. H. Jenson,* and *R. H. Thompson,* both of Gove, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff obtained a temporary injunction restraining defendants from harvesting a crop of voluntary wheat grown upon a strip of land approximately fifteen feet wide and a half mile long, which she claimed to own. In the same action she asked for damages for the unlawful interference with her possession of the land during the previous crop season.

A demurrer to plaintiff's evidence was overruled and defendants offered their evidence. After argument by counsel, the cause was taken under advisement until the next day, when the judge announced that he was unable from the evidence to determine the extent, if any, of the trespass committed by the defendants, and ordered the case continued until next term, and set down for another trial.

The court also ordered that unless a further survey of the lands were made before the next term of court, that known as the Early survey would be taken as having established the legal boundaries between the tracts of land in question. The court modified the temporary injunction, keeping it in effect only as to the land lying south of the Early survey.

The appeal is from the order continuing the action until the next term of court; refusing to sustain a demurrer to the evidence, and to render judgment for the defendants upon the evidence; also con-

tinuing in effect the restraining order. No brief has been filed by the plaintiff. None seems to be necessary.

The order continuing the cause is not a final order and, therefore, not appealable. (*Ward v. Sales Co.*, 98 Kan. 24, 157 Pac. 406.) In that case it was held any error in granting or refusing a continuance must wait until an appealable order is made. While the order modifying the temporary injunction appears to have been in defendants' favor, we might assume that the order refusing to vacate the injunction is appealable, and that the appeal if otherwise sufficient would bring up for review the various orders complained of. But the abstract contains not a word of plaintiff's evidence, to which it is insisted the demurrer should have been sustained; and in fact there is no reference in the abstract to any evidence, except a statement that each of defendants testified as to his financial worth. Without the testimony before us upon which the court made the orders complained of, the assumption would be that the testimony was sufficient to justify the court in continuing the cause over the term and ordering another trial.

For the reasons suggested, the appeal is dismissed.