No. 28,164.

R. Davison et al., Partners, as R. Davison & Son Coal Company, *Appellees*, v. The Maryland Casualty Company, *Appellant*.

(267 Pac. 1001.)

Opinion filed June 9, 1928.

*Spencer F. Harris* and *Paul G. Koontz,* both of Kansas City, Mo., for the appellant.

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the appellees.

The opinion of the court was delivered by

Dawson, J.: Plaintiffs brought this action to recover $500 which they paid to the defendant's agents, Ellis & Stamm, upon a policy of damage and compensation insurance upon plaintiffs' coal mine. The payment was made by a cashier's check on the Mulberry State Bank, dated on June 3, 1926, payable to the Maryland Casualty Company, and received by Ellis & Stamm at their office in Pittsburg on June 4. On that day the check was deposited in a Pittsburg bank, and transmitted to a bank in Kansas City, Mo., which in turn delivered the check to the Federal Reserve Bank, and the latter bank on June 5 sent it direct to the Mulberry State Bank for

collection. The check reached the Mulberry State Bank on June 6 or June 7, and was stamped paid June 6, 1926. To effect this payment, the Mulberry State Bank issued its draft dated June 7 in favor of the Federal Reserve Bank, drawn on the Commerce Trust Company of Kansas City, Mo. This draft was for $5,672.40, to pay for a number of items, including the $500 check, whose course we have traced. This draft was received by the payee on June 8, but not presented to the drawee until June 9, during the business hours of which day it was deposited with the drawee, the Commerce Trust Company, for collection. There was enough money on hand with the Commerce Trust Company to the credit of the Mulberry State Bank on June 8 and June 9 to pay the draft, and payment thereof was not refused at the time it was deposited for collection; but some time on June 9 the Commerce Trust Company learned that the Mulberry State Bank had become insolvent and had not opened for business on the morning of June 9, and prior to 3 o'clock p. m. (presumably closing time) the Commerce Trust Company refused payment of the draft.

Some time later the Maryland Casualty Company declined to issue the insurance policy for which the $500 had been given as a down payment, and plaintiffs brought this action to recover that sum.

Plaintiffs' petition alleged the material facts, which included an allegation that Ellis & Stamm were defendant's agents and vested with authority to act in its behalf.

The answer was an unverified general denial.

A jury was waived and the cause was tried by the court. The facts were developed as outlined above. Judgment was entered for plaintiffs and defendant appeals, urging objections to the judgment which will be noted as presented.

It is first argued that the cashier's check on the Mulberry State Bank which plaintiffs delivered to Ellis & Stamm on June 3 did not constitute a payment of money since no agreement was shown that it should be so received. But the check was thus received and accepted by defendant's agents, Ellis & Stamm. Moreover, the check was dispatched through regular channels of business until it reached the bank which issued it, and it was there paid.

In 30 Cyc. 1207-1209, it is said:

· "The acceptance . . . of a check . . . does not constitute payment,

unless it is agreed that it shall be taken as an absolute payment. . . . But where the check is in fact paid the debt is extinguished. . . ."

(See, also, *Griffin v. Erskine*, 131 Ia. 444, 9 Ann. Cas. 1196; 2 C. J. 628, 629.)

The fact that the Mulberry State Bank paid the $500 check along with several other checks by issuing a new draft on a Kansas City bank in which it had funds, and the train of events which followed, takes nothing from the force of the fact that plaintiffs paid $500 to defendant on June 3 by a cashier's check which defendant's agents received as payment, and that the check so received was duly honored for payment and paid by the bank which issued it.

It is next contended that Ellis & Stamm had no authority from the defendant to accept checks. However, plaintiffs' petition alleged that they did have such authority to act for defendant "in all matters and things hereinafter set out," which covered in specific detail the $500 transaction narrated above. The issues made by defendant's unverified general denial—probably none at all—certainly did not include one touching the authority of Ellis & Stamm. Plaintiffs' allegations concerning their authority were thereby conceded to be true. (R. S. 60-729; *Hornick v. U. P. Railroad Co.*, 85 Kan. 568, syl. ¶ 4, 118 Pac. 60; *Abel v. Hounsom*, 107 Kan. 741, 192 Pac. 384, 193 Pac. 355; *Moore v. Insurance Co.*, 111 Kan. 420, 422, 207 Pac. 760.)

A final objection to the judgment is based on the fact that after the defendant decided not to write the policy of insurance desired by plaintiffs its agents, Ellis & Stamm, sent their personal check for $500 to plaintiffs in return for their down payment in the transaction of June 3. This last check was dated June 30, but the makers, Ellis & Stamm, stopped payment on it two days later, which fact makes this last point of defendant's too trivial for discussion. Indeed, defendant's answer did not plead repayment of the $500.

The judgment is affirmed.