No. 28,303.

ELLA J. STARR, *Appellant,* v. F. A. COOK, as Sheriff, etc., et al., *Appellees.*

(272 Pac. 138.)

Opinion filed December 8, 1928.

*Leo T. Gibbens,* of Scott City, for the appellant.
*R. D. Armstrong,* of Scott City, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action where the plaintiff replevined an automobile claimed to have belonged to her which had been levied

upon and taken by the sheriff on executions against her brother. The jury found against the plaintiff, and she appeals. The errors assigned are the substitution of the judgment creditors for the sheriff, the refusal of the court to strike from the files the answers of the judgment creditors, and overruling the motion for new trial.

The case was brought against "F. A. Cook, as sheriff of Scott county, Kansas." In the body of the petition no mention was made of his official character. It was alleged in the petition that he wrongfully took an automobile from the possession of the plaintiff and still wrongfully and unjustly detains the same. The defendant answered by asserting his official character and qualification as sheriff, and set out his action in taking such automobile under the two executions issued to him as sheriff out of the district court of Scott county, and alleged that the automobile was taken by him as the property of Carl M. Starr, the judgment debtor. After a reply had been filed to this answer the attorney for the sheriff, as attorney for the two judgment creditors, filed a request for them to be substituted as defendants. The record is silent as to any ruling on this application, but on the same day separate answers were filed by the two judgment creditors, alleging the official character of F. A. Cook and that he, as sheriff, had taken the automobile as the property of Carl M. Starr under executions issued against him as judgment debtor. The plaintiff then moved to strike these answers from the files. This was overruled and replies were filed to them. The case was tried to a jury, which resulted in a verdict for the defendants and answers to special questions asked by plaintiff to the effect that she was not the owner of the automobile and did not furnish the money to purchase it or to pay for the dealer's license, but that she had paid the 1923 taxes on it with other taxes of Carl M. Starr.

As a preliminary objection to the question of substitution it is urged that no proof was offered to show the official character of F. A. Cook. No proof was required. The petition in the caption referred to him as sheriff and all these answers alleged it or, rather, admitted it. In this manner all the pleadings and parties recognized him as sheriff. Even if we disregard the caption of the petition and consider the references in the three answers to F. A. Cook as being the duly elected and qualified sheriff of the county as new and original allegations, then the truth of such allegations is admitted

by there being no verified denial, under the authority of R. S. 60-729. See *Mikesell v. Wilson County*, 82 Kan. 502, 108 Pac. 829; *Hornick v. U. P. Railroad Co.*, 85 Kan. 568, 118 Pac. 60; *Abel v. Hounsom*, 107 Kan. 741, 192 Pac. 384; *Moore v. Insurance Co.*, 111 Kan. 420, 207 Pac. 760; *Davison v. Maryland Casualty Co.*, 126 Kan. 365, 267 Pac. 1001.

Appellant insists that the requirements of R. S. 60-420, with reference to substitution, were not followed, wherein it requires the application for substitution to be made by the sheriff and the execution creditors, whereas the application here was made by the latter only. The attorney for the sheriff made the application for the defendants after having filed an answer for the sheriff. The fact that the same attorney represented the sheriff as well as the creditors gave the assent of the sheriff to the request. Besides, the matter of substitution is largely in the discretion of the court, as is stated in the case of *Wafer v. Harvey County Bank*, 36 Kan. 292, 13 Pac. 209, in the opinion of which it was stated:

"Where the rights of a plaintiff will not be injured, the court, however, should permit such substitution within the terms of the statute." (p. 294.)

The sheriff can make the same defenses and all the defenses the judgment creditor can make, so no injustice was done the plaintiff by such substitution. (*National Bank v. Barkalow*, 53 Kan. 68, 73, 35 Pac. 796.) The trial court had the right to conclude that such application for substitution had the approval of the sheriff when made by his own attorney, and while there is no journal entry granting his request, the appellees in their brief give a copy of the minutes of the judge on the trial docket to the effect that the substitution was allowed.

The motion to strike the answers from the files was based upon the irregularity of the application without the concurrence of the sheriff and the failure of the record to show the order. We think, for the reasons above given, that the motion to strike the answers from the files was properly overruled.

Appellant insists that defendants completely failed in making a case to go to the jury or to entitle defendants to judgment, particularly as to proof of official character of the sheriff and the validity of the judgments on which executions were issued. The abstract does not seem to set out all the evidence as to the proof of the judgments. The appellees' brief quotes from the transcript as to the

offering and receiving as evidence all the files in both cases wherein the judgments were rendered, including the execution issued thereon and the returns of the sheriff. It is suggested that the judgments may be barred by the statute of limitation and that what is printed in the abstract as to one of them would so indicate. It shows the issuance of no executions at all; but elsewhere it is shown the court permitted the executions and returns to be introduced and read to the jury. We cannot conclude under these circumstances that there was a lack of evidence on this subject. The trial court approved the verdict and overruled the motion for new trial, and we think correctly.

The judgment is affirmed.