No. 31,034

In re the Appeal of MATTIE KENNEY, Guardian of the Person and Estate of SARAH F. DOWNARD, a Feeble-minded Person.

(23 P. 2d 597.)

Opinion filed July 8, 1933.

*R. P. B. Wilson,* of Hutchinson, for the respondent.
*Ellis Clark* and *J. N. Tincher,* both of Hutchinson, for the complainant.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order removing a guardian of an insane person.

Sarah F. Downard was adjudged to be feeble-minded, and on May 15, 1931, Mattie Kenney was appointed as guardian of her person and estate. On December 10, 1931, the probate judge made an order removing the guardian. The journal entry refers to R. S. 39-209 making it the duty of the guardian to prosecute and defend actions in behalf of and against the ward and recites that the guardian permitted to go undefended an action wherein judgment was rendered against the insane person for the sum of $575, and that the guardian had neglected her duties and violated her oath of office, and, under provisions of R. S. 39-229, said guardian was removed.

Thereafter the guardian filed a motion to strike the above order from the files on the ground that it was made *ex parte* and without notice. The court overruled this motion on December 13, 1931, and the guardian immediately appealed to the district court.

In the district court the matter was tried *de novo*. The guardian

filed a demurrer to the proceeding, which was overruled, and thereafter testimony was taken and at the conclusion the trial court made its order finding that the guardian had been duly removed by an order of the probate court, and that the evidence fails to show abuse of discretion of the probate court in issuing the order of removal, and dismissing the appeal.

Thereafter a motion for a new trial, alleging as reasons therefor every ground mentioned in the code of civil procedure, was filed, which motion the court denied. Then followed this appeal.

The evidence taken on the hearing in the district court is not abstracted, and we must therefore assume that the judgment of the trial court was supported by the evidence.

In that part of the statutes pertaining to insane and incompetent persons is the provision that "The several probate courts shall have power to remove such guardian at any time for neglect of duty, misconduct, or mismanagement, or disobedience to any lawful order, and appoint another. . . ." R. S. 39-229. Appellant contends under that statute she was entitled to notice, and that she was not given any notice she was to be removed or any opportunity to show cause why she should not have been. Assuming, which we do not decide, that notice is necessary, it is true the record shows no written notice, but it does show that she was in court and defended against her removal, both in the probate court and in the district court. The district court, after hearing evidence, which, as stated, the appellant has not brought before us, found she had been duly removed and that the probate court had not abused its discretion. These findings include a finding that the appellant had notice, and that everything required to be done had been done. (*Buckwalter v. Henrion,* 111 Kan. 781, syl. ¶ 2, 208 Pac. 645; *Mallory v. Johnstone,* 112 Kan. 566, 567, 212 Pac. 117; *Starr v. Cook,* 127 Kan. 122, syl. ¶ 4, 272 Pac. 138. See, also, cases cited in West's Kansas Digest, Appeal and Error, § 907, and Hatcher's Kansas Digest, Appeal and Error, § 420.)

The appellant has failed to show any error in the proceedings in the lower court, and its judgment is affirmed.