No. 33,074

LEONA M. BENNETT, *Appellant*, v. HARRIETT E. KAUL et al., *Appellees*.

DOROTHY E. RILEY, *Appellant*, v. HARRIETT E. KAUL et al., *Appellees*.

(62 P. 2d 858)

Opinion filed December 12, 1936.

*D. C. Hill, Robert Kaul*, both of Wamego, *M. A. Bender* and *Warden L. Noe*, both of Holton, for the appellants.

*Floyd W. Hobbs*, of Holton, for appellee H. S. Rickett.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs appeal from judgments canceling and setting aside two mortgages alleged to have been given to hinder and delay creditors. After trial in the district court the actions were consolidated.

From a very sketchy abstract, supplemented by a counter abstract, we learn the following pertinent facts:

John M. Kaul owned certain real estate which was encumbered with mortgages for its full value.

His wife, Harriett E. Kaul, owned a certain eighty acres which was not encumbered, was not exempt from execution, and is the land described in the mortgages set aside as fraudulent.

John M. Kaul and Harriett E. Kaul were indebted to H. S. Rickett upon five promissory notes, three of them being also signed

by Milton Kaul and Blanche Kaul. Foreclosure proceedings were threatened against John M. Kaul, and to assist him in avoiding the same his daughters, Leona M. Bennett and Dorothy E. Riley, advanced him certain sums of money hereafter referred to.

On October 3, 1934, Rickett commenced an action against Harriett E. Kaul, John M. Kaul, Milton Kaul and Blanche Kaul, upon the notes signed by them, and at the same term of court and on January 12, 1935, judgment was rendered in his favor for $4,420. Execution issued against other property also, of which we take no notice, but the eighty acres belonging to Harriett E. Kaul was levied upon and sold by the sheriff to Rickett.

However, on December 31, 1934, Harriett E. Kaul and her husband made and delivered two mortgages covering the eighty acres, one to Leona M. Bennett and one to Dorothy E. Riley, each to secure a note for $1,150 due five years after date, with interest at six percent. In April, 1935, each of the above mortgagees filed suits to foreclose, alleging nonpayment· of taxes for the years 1933 and 1934 as ground therefor. In each action Rickett was made a party defendant, the plaintiffs seeking to quiet title against him. Rickett filed answers setting up his judgment and the sale of the eighty acres to him thereunder; that John M. Kaul and Milton Kaul had been adjudged bankrupt in the United States district court, and that the plaintiffs knew when their mortgages were executed and delivered that J. M. Kaul, Harriett E. Kaul, Milton Kaul and Blanche Kaul were insolvent and unable to pay their creditors, and more particularly defendant Rickett. He alleged that the mortgages sued on were without consideration and were given by Harriett E. Kaul and accepted by the mortgagees to hinder, delay and defraud creditors, etc., and he asked that the mortgages be canceled and set aside and his title be quieted. As a result of trial, Rickett prevailed.

While the appellant mortgagees cite many authorities holding that fraud must be proved and that a debtor may prefer creditors, their argument ignores consideration of the evidence; in fact, their abstract contains no statement as to the evidence, nor that there was not evidence on any particular phase of the case. The appellee Rickett, however, has filed a counter abstract from which it appears that although the Bennett note was for $1,150, all of the items making up the claimed consideration totaled only $726.42; that of these items four, totaling $413, were for notes made by and advances

to John M. Kaul prior to November 21, 1932, the balance of $313.42 being for two checks to John M. Kaul on December 30, 1934. One of these checks for $218.75 shows that it was used to pay interest on John M. Kaul's mortgage indebtedness. It is not clear from the record as abstracted, but possibly the other check of $94.67 was used to pay taxes on Harriett E. Kaul's land. The Riley note was likewise for $1,150, but the items making up the claimed consideration total only $610.88. One item is a note of John M. Kaul, dated February 16, 1931, for $297.46. The other two items were checks for $218.75 and $94.67 to J. M. Kaul, and what has been said above as to the Bennett checks of like amounts applies here. We need not detail the evidence with respect to the fact that John M. Kaul, Milton Kaul and Blanche Kaul were financially irresponsible and that the two mortgagees were aware thereof when they took the mortgages.

It thus appears the trial court had before it testimony that Harriett E. Kaul, then being sued on her promissory notes, and then being the owner of an unexempt, unencumbered eighty acres of land, executed the two mortgages mentioned to secure notes of $1,150 each, when in fact at the time the notes were given she was not indebted to the payees and the only present consideration moving to her, under any view of the evidence as abstracted, did not exceed $94.67 for each note.

While it has been held in actions to set aside alleged fraudulent conveyances, the giving of a mortgage for a slight excess in value will not invalidate a conveyance (*Wilhite v. Daniels,* 64 Kan. 884, 67 Pac. 452), it has been held also that the giving of a mortgage for a sum greatly in excess of the debt is a badge of fraud affording strong evidence, and sufficient to warrant relief (*Schram v. Taylor,* 51 Kan. 547, 33 Pac. 315; *Bowling v. Searles,* 57 Kan. 174, 45 Pac. 584), and that the inclusion of a large debt to the payee from one not indebted rendered the mortgage void *in toto* (*National Bank v. Barkalow,* 53 Kan. 68, 35 Pac. 796).

The facts in the instant case are such that the trial court was warranted in holding the two mortgages were given to hinder and defraud the creditor, Rickett, and its judgment setting them aside and quieting Rickett's title as against them is affirmed.