No. 36,282

American Glycerin Company, *Appellant*, v. C. S. Freeburne, Wallace Siebert, Oscar Siebert, J. M. Devereux, C. R. Nuttle, George Bayless, Zero Hour Bomb Company, and The Independent Eastern Torpedo Company, *Appellees*.

(159 P. 2d 486)

Opinion filed June 9, 1945.

*W. H. Coutts, Jr.,* of El Dorado, was on the briefs for the appellant.

*David W. Wheeler, Jr.,* of Marion, and *L. J. Bond,* of El Dorado, were on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: The question presented by the specification of error in appellant's abstract is whether the trial court erred in denying plaintiff's motion for a continuance. Appellees question appellant's right to be heard.

From the abstract and counter-abstract, it appears trial of the action had been set for July 12, 1944, and shortly before that date plaintiff had filed a motion for a continuance. We are not presently concerned with whether it fully complied with lawful requirements. On July 12, 1944, the action came on for trial and plaintiff presented its motion, and after hearing it, the trial court found it should be denied. Plaintiff then announced it had no evidence to offer, and upon motion of certain defendants, appellees here, judgment was rendered in their favor. No motion for a new trial was filed. On September 8, 1944, the plaintiff appealed from the ruling on its motion for continuance and from judgments, orders and decrees adverse to it.

The code of civil procedure, prior to its revision in 1909, provided for an appeal from an order granting or refusing a continuance. (See G. S. 1901, § 5019 [2] or G. S. 1905, § 5467 [2].) In the revision of 1909 the provision for appeal from such an order was omit-

ted. (See G. S. 1909, § 6160, G. S. 1935, 60-3302.) It was held in *Ward v. Sales Co.*, 98 Kan. 24, 157 Pac. 406, that under the section as amended an appeal could not be taken from an order granting a continuance; and that it might be error to grant or refuse a continuance, but the error must wait until an appealable order is made. The rule of the above case was reiterated and approved in *Mallory v. Johnstone*, 112 Kan. 566, 212 Pac. 117.

It will be noted that in the instant case there was a judgment rendered, and that the appeal is not only from the ruling, of which complaint is made, but from the judgment, but that no error is specified with respect to anything but the ruling. It could be said that appellant had abandoned all else but the ruling, and that it not being appealable, we have nothing before us. Because appeal was taken from the judgment, we prefer to treat the matter in the following manner.

When the action came on for trial plaintiff offered his motion for continuance, and it was denied. If there was any error in the ruling, it was a trial error and not subject to review in the absence of a motion for a new trial. There was no motion, and the matter is not open for appellate review. See the recent case of *Columbia Casualty Co. v. Sodini*, 159 Kan. 478, 156 P. 2d 524, and cases cited.

The appeal is dismissed.