[No. 7444.   Decided May 3, 1909.]

WITTLER-CORBIN MACHINERY COMPANY, *Appellant*, v.
FELIX MARTIN·*et al.*, *Respondents.*[1]

APPEAL—DECISIONS—LAW OF CASE.· A decision of the supreme
court that a description of an engine in a conditional bill of sale
was a sufficient memorandum to give constructive notice to subse-
quent purchasers and incumbrancers becomes the law of the case on
a retrial; and it is error on the retrial to submit the question to the
jury.

SALES—CONDITIONAL SALES—SUFFICIENCY OF DESCRIPTION—EVI-
DENCE—ADMISSIBILITY. In replevin for an engine held under a con-
ditional bill of sale, upon an issue as to whether the bill of sale
sufficiently described the engine to give constructive notice, it is
error to receive evidence that there were similar engines in the
county to which the description would apply; since the description
need not be so particular as to exclude all other engines.

Appeal from a judgment of the superior court for What-
com county, Neterer, J., entered January 16, 1908, upon
the verdict of a jury rendered in favor of the defendants, in
an action of replevin.   Reversed.

*Rose & Craven,* for appellant.
*Hardin & Hurlbut,* for respondents.

MORRIS, J.—This case has been presented to this court on
appeal before, and may be found in 47 Wash. 123, 91 Pac.
629, to which reference is made for a more complete statement
of the facts.   Upon the first hearing a nonsuit was granted
in the court below, upon the ground that the memorandum
of sale was insufficient, in that the description of the property
was indefinite and defective, and that the location of the
property was not correctly stated.   Upon the first appeal this
ruling was reversed, this court holding that the description
of the engine contained in the memorandum was sufficient to
give constructive notice to respondents, and remanded the

[1]Reported in 101 Pac. 494.

cause for a new trial. Upon the second trial, the court treated the sufficiency of the description of the property as a question of fact for the jury, permitting the respondents to prove that there were "a great many mills of the same general size around over the country" using engines of many different makes, of about the same size as the engine in question, and that the description of the engine in the memorandum would possibly fit any number of engines then in use in the shingle mills of Whatcom county. · This evidence was all objected to by respondents, the objections overruled, and the evidence permitted to go to the jury.

This was error. The sufficiency of the memorandum, the character of the description, the effect of the notice—as to whether constructive or not, were all questions involved in the first appeal; and this court had determined and held as a matter of law that the memorandum was in all respects such as is contemplated by the statute, and that it would give constructive notice to any subsequent purchaser. These rulings established the law of this case, and should have been so held by the court below. The evidence was improper in any event. So far as the description contained in the memorandum of sale was an issue, it was this, Did the description properly describe the engine in suit? It might be that many mills in Whatcom county had engines similar to the one described. Such fact was immaterial, if the engine that was in controversy in this action was properly described.· It would be a difficult matter to so minutely and particularly describe a given thing that it would mean the exclusion of all others of the same general class or species. This the law does not require. The court should have held the memorandum to be sufficient, that it was constructive notice to the respondents, and submitted to the jury the identity of the engine described in the memorandum with that in the possession of respondents. If the jury should find that it was the same engine, they should return a verdict for the plaintiff.

For error in the admission of testimony, and instructions

based thereon, properly and duly excepted to by appellant,
the judgment is reversed, and the cause remanded for a new
trial.

RUDKIN, C. J., CROW, PARKER, FULLERTON, GOSE, and
DUNBAR, JJ., concur.