No. 23,784.

CHESTER MOORE, a Minor, by H. E. MOORE, his Father and Next Friend, *Appellee*, v. THE. NORTH RIVER INSURANCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INSURANCE—*Allegation of Agency—No Verified Denial—Agency Admitted.* In an action on an insurance policy the petition alleged that the person who took the application was the agent of the insurance company. *Held,* that the court properly ruled that the failure of the answer to deny the fact under oath amounted to an admission of the agency. (Civ. Code, § 110; *Hornick v. U. P: Railroad Co.,* 85 Kan. 568, 572, 118 Pac. 60.)

2. SAME—*Automobile Policy—Description of Property Insured—Instruction Properly Refused.* In an action upon a farm automobile policy insuring a certain Ford roadster, No. 2,973,641, against loss by theft, the principal defense was that the car was not the property of the plaintiff. The defendant's evidence showed that a car of the same description and make, bearing the same factory number, was purchased from the factory long prior to the issuance of the policy and was then in the possession of the purchaser in New York city. *Held,* that the number of the car stated in the policy was a mere matter of description; it was the particular car which the defendant insured and not the number; *and held further,* that the court properly re-

fused to instruct that even if the jury believed from the evidence that plaintiff owned the Ford motor car when the policy was issued, they must find for the defendant unless they believed from the evidence that the car bore the number stated in the policy.

3. SAME—*Instructions Properly Refused.* In such a case an instruction was properly refused which charged that if the jury believed from the evidence that in 1919 a third person purchased a Ford car of that number and had since been in the continuous possession thereof, it was their duty to find for the defendant.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 10, 1922. Affirmed.

*Lester G. Seacat,* of Independence, *C. C. Crow,* and *James W. Broaddus,* both of Kansas City, Mo., for the appellant.

*Thomas E. Wagstaff,* and *Grace A. Miles,* both of Independence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was upon a farm automobile policy insuring a certain Ford roadster, No. 2,973,641, against loss by theft for one year. The answer alleged that when the policy was issued the car was not the property of the plaintiff but belonged to some other person from whom it had been stolen. As a further defense it was alleged that the plaintiff falsely stated to the agent of the company that he had paid $500 for the car, which representation the plaintiff knew to be false; that defendant relied upon the statement, and that by reason thereof the policy had become void. The answer tendered back to plaintiff the premium paid. The reply was a general denial. The trial resulted in a verdict and judgment for plaintiff. Defendant appeals.

The plaintiff, who was a minor, testified that his father purchased the automobile from plaintiff's uncle and paid $475 for it; that his father gave the car to him; that he was present when the policy was issued; that Mr. Cunningham, the agent of the company, put the value on the car; that he himself did not know the number of the car although he had looked at it; that his father gave the number to Cunningham. The plaintiff also called Mr. Cunningham who testified that he wrote the application and sent it to the company's agent at Wellington, Kan.; that he insured two cars at the same time, one, the roadster in question, and a touring car which belonged to plaintiff's father, who gave him the number of the roadster from the Kansas license receipt; "read it to me from the paper." The wit-

ness did not go to the car to examine the number; the car looked to him the same as a new one, and he knew the value of the car at the time; he wrote the application and the plaintiff merely signed it. The plaintiff offered testimony showing that the car was in the garage on the farm the night before it was missing. The doors were locked; the next morning the lock showed that it had been pried off; the car was gone.

On the cross-examination of Mr. Cunningham the defendant sought to show that he was not the agent of the company but merely a solicitor. The court very properly held that as the petition alleged that he was defendant's agent, the failure of the answer to deny that fact under oath amounted to an admission of agency. The ruling was correct. (Civ. Code, § 110; *Hornick v. U. P. Railroad Co.*, 85 Kan. 568, 572, 118 Pac. 60.)

The defendant read the deposition of one Charles L. Wachter, taken in New York city, who testified that he was the owner of and in possession of Ford car No. 2,973,641; that he purchased it from the Ford factory long prior to the issuance of this policy. The depositions of two other witnesses were read who testified that they had examined the car and that the number given by Mr. Wachter was correct. In rebuttal the plaintiff offered in evidence the Kansas automobile license which gave the number the same as that stated in the policy.

We are unable to find anything substantial in the defendant's contentions. There was evidence to sustain the verdict, and of course an instruction directing a verdict for the defendant would have been improper. The court was right in refusing to instruct that even if the jury believed from the evidence that plaintiff owned the Ford motor car at the time the policy was issued, still they must find for the defendant unless they believed from the evidence that the car bore the number stated in the policy. The number of the car as recited in the policy was merely a matter of description. It was the particular car which the defendant insured and not the number. It is possible that there was a mistake in issuing the state license and the wrong number might have been given, which would account for the same error in the policy. On the other hand there was evidence justifying the jury in finding that the number stated in the policy was correct.

Another requested instruction charged that if the jury believed from the evidence that in 1919 Charles L. Wachter purchased a

Ford car No. 2,973,641 and that he had since been in the continuous possession thereof, then it was their duty to find for the defendant. To have given such an instruction would have been error. The court correctly charged that if plaintiff was not the owner of the automobile which defendant company attempted to insure then the verdict should be for the defendant.

The case presents nothing but issues of fact, with no conflict in the evidence upon any matter of real consequence. The judgment is affirmed.