[No. 17425.   Department One.   November 8, 1922.]

MacCALLUM-DONAHOE FINANCE COMPANY, *Appellant,* v.
JOHN DOE WARREN *et al., doing business as
Warren Brothers, Respondents.*[1]

SALES (175, 176)—CONDITIONAL SALES—DESCRIPTION OF PROPERTY—.
BONA FIDE PURCHASERS—NOTICE.  A conditional sales contract of an
automobile sufficiently describes the property if it can be identified
by the aid of inquiries suggested by the instrument; hence an error
in one figure of the car number does not avoid the contract, where
the motor number was correctly given.

SAME (175, 176).  Where the description of an automobile in a
conditional sales contract was sufficient to put subsequent purchasers
upon inquiry that would have lead to an identification of the car, it
is error to submit to the jury an issue as to whether the description
was, under the law, sufficient to put a party upon notice.

Appeal from a judgment of the superior court for
Lewis county, Sheeks, J., entered February 3, 1922,
upon the verdict of a jury rendered in favor of the
defendants, in an action of replevin.  Reversed.

*George L. Spirk,* for appellant.
*Fred M. Bond,* for respondents.

HOLCOMB, J.—On February 21, 1920, appellant de-
livered to Harry Howell, doing business as Savage
Sales Company, a Columbia Six automobile, which he
agreed to purchase under the terms of a conditional
sales contract, executed by the parties at the time.
The purchase price was $1,795.45, payable on demand.
The conditional sales contract was filed for record
in the office of the county auditor of Lewis county,
where the vendee, Howell, resided and conducted his
business, on February 26, 1920, thus being well within
the ten-day period required by the statute.  Sections

[1]Reported in 210 Pac. 368.

3790 and 3791, Rem. Comp: Stat.   Howell took the
automobile to Centralia, Lewis county, and failed to
pay anything upon the contract.   A little later he
failed in business and disappeared.   The automobile
sold by appellant was found in the possession of one
Graham.   An action by replevin was instituted against
Graham for recovery, but he, having gotten possession
of the car from respondents through trade, returned
it to respondents; and, after demand, replevin was
then instituted against the respondents for the re-
covery of possession of the automobile, the conditional
sales contract of appellant with Howell having been
forfeited for noncompliance with its terms.   The
sheriff took possession of the automobile and it was
again delivered to respondents upon their furnishing
a redelivery bond therefor.

In answer to the complaint, respondents denied that
appellant was the owner of Columbia Six automobile,
Model 20D, motor number 129263; denied the right of
appellant to possession, and denied that it was of any
greater value than $1,500; and as an affirmative de-
fense alleged that they had the absolute and sole title
and were entitled to the absolute and sole possession
at all times, both before the commencement of the
action and since, of one Columbia Six automobile,
Model 20D, motor No. 129263; that appellant, if it
ever had any claim to the same, has not one that is
enforceable against respondents, one which they knew
nothing of, and that the respondents were the sole
owners, free from any claim of appellant, and entitled
to full possession thereof.

The case was tried to a jury, which returned a ver-
dict for defendants.   Motion for a new trial and for
judgment notwithstanding the verdict were denied

by the trial court, and from a judgment entered upon the verdict, this appeal is prosecuted.

Several errors are claimed by appellant, some of which are untenable, but there is one which is meritorious, and which we think must necessarily result in a reversal of the judgment.

Appellant requested, and the court refused, the following instruction:

"You are instructed that the description contained in the conditional sale contract of the appellant issued to the Savage Sales Company was under the law sufficient to put the defendants upon notice, and if this description, followed up by inquiry would have disclosed that the automobile therein referred to was the one which the defendants were purchasing, that the defendants were not *bona fide* purchasers of the same for value, and were charged with notice of the rights of the plaintiff."

Instead thereof the court gave the following instruction, which is excepted to by the appellant:

"The plaintiff alleges that it is the owner and entitled to possession of the automobile and the defendant denies that it is the owner and entitled to the possession. There is also a question raised in the pleadings as to the amount of the value of the machine and the damage for withholding it. You will perhaps have that to consider in determining your case. But in the first place I will say to you that the defendants have introduced evidence for the purpose of showing that this machine now in controversy was not the machine that belonged to the plaintiff, and was not the machine sold and claimed to have been sold by the plaintiff to the Savage Company, and if you should find that this is so you will have no further duty in the case except to return a verdict for defendants, and also to answer one interrogatory that I shall submit to you. That is, as to whether or not it is the same car, or whether it is a different car, but if you do not find—if you are not satisfied that this is not the car

claimed by the plaintiff—that is, if the plaintiff has established by a preponderance of the evidence that it is the same car, then you will have the question to consider as to the value of the car and damage for withholding; and you will also have another question to consider, and that is whether the description in the conditional bill of sale which has been introduced here and recorded, is sufficient to have put the defendant on notice that this might have been the car that the plaintiff owned. The evidence shows a discrepancy in the number, or what I would call a misdescription. The bill of sale gives the car number; that number, as I understand the evidence, is different from the number on the car. I believe I have stated it correctly. That would be perhaps such a misdescription as might, or ought to put the defendants in buying the car upon inquiry as to whether this car was sold. And if by reasonable inquiry they could have found out this was the car that had belonged to the plaintiff, they should have taken notice of it. That, I take it, is a question for the jury to determine; in the first instance whether he ought to have made inquiry, and whether by making inquiry he could have found out that this car, although misdescribed, was the car actually sold by the plaintiff to the man Howell, or the Savage Company.''

The evidence was that the conditional sales contract taken by appellant and filed in the auditor's office of Lewis county, described the car as follows: ''One Columbia Six automobile, style and model 20D, car No. 2476, motor No. 129263.'' In fact, the car bore the number 2470 instead of 2476, but it was a Columbia Six, style and model 20D, and the motor number was 129263, which number appeared on the motor block, and also on the foot board of the car itself.

Respondents introduced a bill of sale executed by Howell, or Savage Sales Company, to one of the respondents, C. W. Warren, for two cars, both of them model 20D, Sport Columbia Six cars, and one of them was car No. 2470, motor number 129263.

There is nothing in the conditional sales statutes above cited to require any specific description of personal property sold under conditional sales contract. It is a general rule, however, that the contract of conditional sale should properly identify the property, but it is not necessary that the description should be such as to identify the property without the aid of parol evidence. 35 Cyc. 663. We have therefore held in several cases (*Wittler-Corbin Machinery Co. v. Martin,* 47 Wash. 123, 91 Pac. 629, the same parties on second appeal, 53 Wash. 65, 101 Pac. 494, and *Worley v. Metropolitan Motor Car Co.,* 72 Wash. 243, 130 Pac. 107), that defective descriptions or deficient descriptions of chattels where the description in the conditional bill of sale is sufficient to generally describe the chattel, the conditional sales contract being duly filed within the proper time in the proper county, was sufficient to put an intending purchaser or mortgagee upon notice. *Mendenhall v. Kratz,* 14 Wash. 453, 44 Pac. 872. In the last case it was stated that, "any description in a mortgage is sufficient which will enable a stranger, aided by inquiries which the instrument suggests, to identify the property." In the second *Wittler-Corbin Machinery Co.* case, *supra,* it was said that in the first appeal it had been decided that the memorandum was in all respects such as is contemplated by the statute, and would give constructive notice to any subsequent purchaser. It was further observed that, "it would be a difficult matter to so minutely and particularly describe a given thing that it would mean the exclusion of all others of the same general class or species. This the law does not require. The court should have held the memorandum to be sufficient, that it was constructive notice to the respondents, and submitted to the jury the identity of the engine described

in the memorandum with that in the possession of respondents. If the jury should find that it was the same engine, they should return a verdict for the plaintiff.''

Respondents now contend in this case that the jury found that the car in question was not the same car that was sold by appellant to Howell, or the Savage Sales Company.

The jury should not have been permitted to speculate upon that matter. They should have been instructed as requested, that the description contained in the conditional sales contract was, under the law, sufficient to put the defendants on notice, and if this description followed up by inquiry would have disclosed that the automobile there referred to was the one which defendants were purchasing, the defendants were not *bona fide* purchasers of the same for value and were charged with notice of the plaintiff.

Respondents gave evidence that one of them examined the record in the county auditor's office and found no instrument on file at the time or before he made the trade with Howell, although it was on file at the time, but later did find it.

Respondents bought a Columbia Six, model 20D, motor No. 129263, car and took an instrument from Howell which contained the same general description of car and engine or motor as that in appellant's conditional sales contract, less than one month after appellant's conditional sales contract had been filed. In that instrument they themselves specified not only the model and style of the car, its general or manufacturer's name, but the motor number, which was the same as the motor number in appellant's conditional sales contract, and a car number 2470.

The evidence of appellant showed that the car sold

was so described, except that an error was made by a stenographer in writing the serial or car number of the car as No. 2476 instead of No. 2470. Respondents' evidence tended to show that there were two cars of the same make and style in the business place of Howell prior to February 21, 1920, or from the first or middle of February. But the evidence did not show any car of the same number of motor of car in the possession of Howell prior to February 21st.

There was some evidence on behalf of respondents that Howell had caused the numbers of motors of cars to be changed, and had thus changed the motor numbers on two Dixie Flyer cars; also that it was possible to change the motor numbers on Columbia Six cars, and that it had been done by cutting off figures attached to the motor block. But there was no evidence that the number on the Columbia Six motor which had been number 129263 had been changed, except some slight evidence that the figures of this number on the motor block were slightly out of alignment; nor that there were any indications of change on the number 129263 on the car foot board. Besides, the number on the car in respondents' possession was the same as that of the car sold by appellant to Howell, and the same as that sold by Howell to respondents, on March 16, 1920. It could, therefore, have been no other car than the car sold by appellant to Howell, title to which was retained by appellant, and protected by the due filing of its conditional sale contract.

Since the law is that appellant retains title to the car until it has been paid for under this conditional sale contract (*Worley v. Metropolitan Motor Car Co., supra*), and that the description was amply sufficient to put any subsequent purchaser upon notice, the submission of the case to the jury under the instructions

given by the court and the refusal to give the instruction requested by appellant constituted error.

The judgment is reversed, with instructions to the trial court to retry the case upon the question of damages for the detention of the car, and its value in case it is not redelivered. The value must be found as of the time when respondents took possession of it from Howell.

PARKER, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.