15160. GILES *v.* CITIZENS INSURANCE COMPANY OF MISSOURI.

The possessor of personal property is presumed to be its owner, until the contrary appears. In an action against an insurance company upon a policy insuring property as belonging to the policyholder, where the company sets up the defense that he is not the owner of the property, the burden is upon it to disprove his ownership.

The policy sued upon was not rendered void by its description of the insured automobile by the number of a different automobile, which number, without the knowledge of the policyholder, had been placed on the insured automobile in lieu of its original number.

Although it appeared that the automobile in question had been stolen from a former owner, and although a sale of stolen property by another to a bona fide purchaser would not divest the owner's title, yet it appeared that after the theft the owner himself transferred his title to an insurance company which had indemnified him for the loss, and, so far as appeared from the evidence, title from this source may have been obtained by the person from whom the plaintiff, in good faith, purchased the automobile, and who, it appeared from the evidence, had also acquired it in good faith. The defendant, upon whom rested the burden of disproving the plaintiff's title, having failed to disprove. such title, the direction of a verdict in favor of the defendant was error.

DECIDED APRIL 24, 1924.

Certiorari; from Fulton superior court—Judge Bell. October 1, 1923.

*Elliott Cheatham,* for plaintiff.

*Estes Doremus, Spalding, MacDougald & Sibley,* for defendant.

JENKINS, P. J. This was a suit on a policy of insurance, to recover the value of an automobile alleged to have been stolen.

The policy described the car insured by it as follows: "Year 1919 —Trade Name Chandler—Type of body Roadster—Motor No. 87688." It provided that the policy should be void if the interest of the insured in the subject of the insurance was other than "unconditional and sole ownership." On the trial the defendant sought to absolve itself from liability under the policy on three grounds: (1) that the assured had no insurable interest in Chandler automobile, motor No. 87688; (2) that he was not the sole and unconditional owner; and (3) that no loss or damage had been sustained to Chandler automobile No. 87688. From the evidence it appears that the stolen car had been purchased by the assured in good faith from a person who had also acquired it in good faith, but that it had originally belonged to a person in Chattanooga, from whom it had been stolen about two years previously, and that the Chattanooga owner had assigned all his rights and interest therein to another insurance company, which had indemnified him for his loss. The record entirely fails to show whether the last-mentioned insurance company ever recovered the car, or had sold its interest therein to any of plaintiff's predecessors in title. It appears that the car had its motor number stamped in two places, one exposed to view, the other concealed, that the original exposed number had been changed from 67639 to 87688, and that a Chandler car bearing the original factory number 87688 was the property of a person in the State of New York. The judge of the municipal court directed a verdict in favor of the defendant, which judgment was sustained by the superior court on certiorari, and the plaintiff excepted.

1. "A person in possession of personal property is presumed to be the owner, until the contrary appears. Where a fire-insurance company insures certain property as belonging to the insured, the burden is on the insurance company, in an action on the policy, to prove that the insured did not own the property." *Gate City Fire Ins. Co.* v. *Thornton,* 5 *Ga. App.* 585 (2) (63 S. E. 638).

2. While it is true that a plaintiff cannot recover in such a suit except by showing that the property in his possession at the time the policy was issued was the same as that described in the policy (Hessen *v.* Iowa Automotive Ins. Co., 195 Iowa 141, 190 N. W. 150), still where the insured is the actual owner of the property which is the subject-matter of the contract of insurance, and has

an insurable interest therein, the mere fact that the original factory number of the motor may have been changed without his knowledge would not of itself render the contract of insurance null and void with reference to the insurance on the car actually dealt with by the contracting parties.

3. A sale of stolen goods, though to a bona fide purchaser for value, does not divest the title of the person from whom they were stolen, and conveys no sort of title to the purchaser. *Raleigh R. Co.* v. *Lowe,* 101 *Ga.* 320, 329 (2, 3) (28 S. E. 867). While the courts have been justly liberal to the insured in construing what constitutes an "insurable interest," and in construing the meaning of language used in the policies as to what constitutes "sole and unconditional ownership," many courts of other States and textbook writers laying down in effect the rule that any title or interest in the property, legal or equitable, will supply an "insurable interest" such as will support a contract of insurance (19 Cyc. 584-585; 26 C. J. 24-25; 14 R. C. L. 910-911; 2 Joyce on Ins., §§ 987, 990; Harrison v. Fortlege, 161 U. S. 57, 16 Sup. Ct. 488; Home Ins. Co. v. Gilman, 112 Ind. 7, 13 N. E. 118; Berry v. American Central Ins. Co., 132 N. Y. 49, 30 N. E. 254, 28 Am. S. R. 548; see also Civil Code of 1910, § 2472), and that the insured will be deemed to have "sole and unconditional" ownership within the meaning of the policy whenever, under a claim of right, he has the exclusive and undisputed use, possession, and enjoyment of the property (26 C. J. 172-173; Richards' Insurance Law (3d ed.), 331; Joyce on Insurance (2d ed.), 3977), still the bona fide possession of stolen property does not give the holder any sort of title whatever, such as would come up to the rule governing an insurable interest; nor does his bona fide possession of stolen property constitute such an exclusive and undisputed claim as would entitle him to be called the "sole and exclusive" owner. Not only has the real owner a contrary claim, but an uncontestable claim, and the fact that he is unable to assert it until the whereabouts of his property has been located does not render the claim of the bona fide holder in possession either undisputed or uncontested.

4. In the instant case it indisputably appears that the plaintiff was in bona fide possession of property previously stolen from the original owner by parties unknown, about two years previously, and that the original owner had transferred all his title and inter-

est in the car to the other insurance company, which had indemnified him against his loss by the original theft; but the record discloses that the defendant, upon whom the burden rests of disproving the title of the plaintiff in possession at the time of the second theft, has failed to show that the other insurance company had not conveyed its title and interest to a party through whom·the plaintiff claimed; and for this reason the direction of a verdict in favor of the defendant was error.

    *Judgment reversed.  Stephens and Bell, JJ., concur.*