[L. A. No. 8882.   Department One.—December 23, 1927.]

O. J. WYMAN et al., Appellants, v. SECURITY INSURANCE COMPANY OF CALIFORNIA (a Corporation), Respondent.

[1] FIRE INSURANCE—SALE OF PERSONAL PROPERTY—RETENTION OF TITLE—RIGHT OF OWNER TO COLLECT INSURANCE.—Where the owner of personal property enters into a contract to sell it and gives the purchaser the possession thereof but retains the title to the property until final payment of the purchase price, the loss, in case of loss or destruction of the property, falls upon the vendor; and the latter is not precluded from recovering upon a policy of fire insurance by reason of the fact that he had en-

1.  See 14 Cal. Jur. 499, 916; 22 Cal. Jur. 948, 1104.

tered into such an agreement prior to the issuance of the policy of insurance.

[2] ID.—CHANGING MOTOR NUMBER ON MACHINE—EFFECT ON POLICY. Where the original motor number of a truck was used in a fire insurance policy on the truck but that number had been removed before the issuance of the policy for the purpose of repairing the motor block and another number substituted, which latter number remained on the truck up to the time of its destruction by fire, an action to recover on the policy is not thereby defeated where there was no question that the truck destroyed by the fire was the truck which defendant insured and it could positively be identified without resort to the number.

(1) 26 C. J., p. 176, n. 39.    (2) 26 C. J., p. 159, n. 25.

APPEAL from a judgment of the Superior Court of San Diego County. W. P. Cary, Judge. Reversed.

The facts are stated in the opinion of the court.

H. J. Bischoff for Appellants.

W. I. Gilbert and Heskett & Weinberger for Respondent.

CURTIS, J.—Action by plaintiffs to recover for loss by fire of an automobile truck under a policy of insurance issued by the defendant. The court found that the plaintiff Union National Bank of San Diego was the owner of a chattel mortgage on said truck given to secure the payment of a promissory note for $1,500 and interest executed by the plaintiff O. J. Wyman. It further found that the defendant on April 8, 1924, had issued its policy of insurance, insuring said truck against loss by fire for the period of one year from said date in consideration of the payment by plaintiff Wyman to defendant of the regular premium of $124.24; that said truck had been destroyed by fire on April 23, 1924, and that its value was $2,500 at the time it was destroyed. It further found that Wyman on January 1, 1924, had entered into a verbal agreement to sell said truck for the sum of $3,000 to J. R. Davee, who had paid to Wyman the sum of $100 and had agreed to assume or pay the chattel mortgage thereon. By the terms of this agree-

2. See 3 Cal. Jur. 804; 24 Cal. Jur. 47, 494.

ment of said Wyman retained the title to said truck until final payment of the purchase price, but Davee was given the possession thereof, and was in possession of said truck at the time it was destroyed. The court also found that the original motor number of said truck was 8863, and that said truck was described in said policy by said number, but that prior to the date of said policy and in the month of September, 1923, Wyman had removed the motor block bearing said number from said truck and substituted a motor block with the number 88191; that said motor number 8863 was removed in order that it might be repaired, and the motor number 88191 was substituted to be used until the repair of the original motor block; that it remained in said truck from the date of its substitution until the truck was destroyed by fire; that the substitution of said number by Wyman was not made for the purpose of deceiving or defrauding defendant nor was the number 8863 given by Wyman to the insurance company at the time of the issuance of said policy given for the purpose of deceiving or defrauding said insurance company.

From the findings of fact the plaintiffs are entitled to a judgment in their favor, unless the facts found by the court relative to the ownership of said truck at the time of the issuance of said policy of insurance, or the facts found regarding the substitution of the number 88191 for the number 8863 on the motor block of the engine of said truck are sufficient to defeat a recovery on their part.

[1] The policy provided that it shall be void "If the interest of the assured in the subject of this insurance be other than unconditional and sole ownership." Respondent relies upon the provision of the policy when applied to the finding of the court that at the time the policy was issued Wyman had agreed verbally to sell the machine to Davee, reserving title to the truck in himself but delivering possession of the truck to Davee. It has been held in this state that under such a contract and in case of the loss or destruction of the property involved, the loss falls upon the vendor (*Potts Drug Co.* v. *Benedict,* 156 Cal. 322, 334 [25 L. R. A. (N. S.) 609, 104 Pac. 432]; *Waltz* v. *Silveria,* 25 Cal. App. 717, 719 [145 Pac. 169]). "The interest of the insured is sufficient when the whole loss will fall upon him in case of the destruction of the insured property." (14

Cal. Jur. 499; *Phenix Ins. Co. v. Hilliard,* 59 Fla. 590 [138 Am. St. Rep. 171, 52 South. 799]; *Burson v. Fire Association,* 136 Pa. 267 [20 Am. St. Rep. 919, 20 Atl. 401].) Under these authorities we are of the opinion that plaintiffs were not precluded from recovery upon the insurance policy merely by reason of the verbal agreement entered into by Wyman prior to the issuance of the policy to sell the truck to Davee upon the terms and conditions of such agreement.

[2] The original motor number of said truck was 8863 and the policy of insurance so described the truck. As we have already seen, the motor block bearing this number had been removed prior to the issuance of the policy of insurance for the purpose of repairing said motor block and a motor block bearing the number 88191 substituted in the place of the original block, and that this substituted block remained in the truck up to the time of its destruction by fire. Respondent contends that these facts are a bar to any recovery on the policy by plaintiffs. The principal authority relied upon by respondent in support of this contention is the case of *Salomon v. Federal Ins. Co.,* 176 Cal. 133 [167 Pac. 859]. In that case it was held that describing an automobile as having been made in 1909 when in fact it was made in 1907 was such a material misdescription as to constitute a breach of an express warranty provided by section 2607 of the Civil Code and avoided a policy of insurance. It was pointed out in the opinion in that case that the value of a used automobile is governed largely by the year of its manufacture, and that a car made in 1907 is of much less value than a car made in 1909, and that the insurable value is also much less. It was accordingly held that a warranty as to the year a car is made was a material warranty and a breach of such a warranty in a policy of insurance voided the policy. This same rule, however, does not apply as to a misdescription of an automobile in a policy of insurance as to its number. (*White v. Home Mutual Ins. Assn.,* 189 Iowa, 1051 [179 N. W. 315]; *Caldwell v. New York Ins. Co.* (Mo. App.), 245 S. W. 602; *Tomata Products Co. v. Manufacturers Liability Ins. Co.,* 203 App. Div. 678 [197 N. Y. Supp. 497]; *Douglas v. Insurance Co. of North America,* 215 Mich. 529 [184 N. W. 539]; *Moore v. North River Ins. Co.,* 111 Kan. 420 [207 Pac. 760]; *Giles v. Citi-*

*zens Ins. Co.,* 32 Ga. App. 207 [122 S. E. 890].) In the case of *White* v. *Home Mutual Ins. Assn., supra,* the court said: "The number of the automobile is inserted merely for the purpose of identification. The insurance is intended to be and is on the automobile, not the number plate. It was the car insured quite as certainly if fully identified without resort to the number. There is such identification, for the evidence without conflict shows that the automobile burned met the description contained in the policy in all other respects, was the only automobile owned by the insured, and was the one intended to be covered by the policy."

The truck here in question was described in the policy of insurance as a 1921 G. M. C. 3½-ton truck, motor No. 8863. There was no question but that the truck destroyed by the fire was the truck which the defendant insured. The motor number given in the policy of insurance was merely for the purpose of identifying the truck, and as the truck could be and was positively identified without resort to this number, this portion of the description became immaterial and any warranty that might be implied therefrom was not a material warranty, a breach of which would void the policy of insurance.

In our opinion the plaintiffs were entitled to judgment upon the findings. Judgment is reversed, with directions to the trial court to enter judgment in favor of plaintiffs upon the facts already found by the court.

Preston, J., and Seawell, J., concurred.