40 F.2d 321 (1930)
In re LOWRY.
C. I. T. CORPORATION
v.
MACHEN.
No. 2936.
Circuit Court of Appeals, Fourth Circuit.
April 8, 1930.
Fred E. Martin, of Norfolk, Va., for appellant.
H. M. Woodward, of Norfolk, Va., for appellee.
Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.
NORTHCOTT, Circuit Judge.
One William Lowry filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Virginia, on the 10th day of June, 1929, and he was, on the same day, duly adjudicated a bankrupt. In the schedules filed by him, he listed a Hudson automobile as subject to the lien of appellant company. Appellee was duly appointed and qualified as trustee for the bankrupt estate. In July, 1929, appellant filed a reclamation petition setting up its lien on the automobile. The trustee opposed the petition, and, after a hearing in August, 1929, the referee entered an order directing the trustee to surrender said Hudson automobile to appellant. On a petition for review, the judge of the District Court, after a hearing, entered an order in September, 1929, setting aside the order of the referee and dismissing the reclamation petition. From which action this appeal was taken.
There is no dispute as to the facts, and the agreed statement of facts shows that the Hudson automobile in possession of the bankrupt at the time of his adjudication had been purchased by him from C. E. Wright & Co. as a used car. The car when new had been purchased by one Calkins. At some time during the Calkins ownership, the original motor No. 475476, having become defective, was replaced by a motor which was numbered 497577, and was later turned back to the Wright Company on a trade, and sold to the bankrupt on January 18, 1929.
At the time of the latter sale, Wright & Co. made application to the Motor Vehicle Commissioner of Virginia for transfer of title to the bankrupt, and failed to make note of the change of the motor number on the original certificate of title. A title certificate (No. B 477639) showing motor No. 475476 instead *322 of motor No. 497577, was issued to the bankrupt with the lien of appellant indorsed thereon. Wright & Co., in January, 1929, sold and transferred said lien to the appellant corporation.
The pertinent part of the Virginia Motor Vehicle Registration Act reads as follows:
Section 2154 (39) j, Sec. 9:
"(b) Every application for a certificate of title shall contain a statement of the applicant's title and of all liens or encumbrances upon said vehicle and the names and addresses of all persons having any interest therein and the nature of every such interest.
"(c) Every application for a certificate of title shall contain a brief description of the vehicle to be registered, including the name of the maker, the engine or serial number * * *
"(d) In the event the vehicle for which the registration of the certificate of title is applied is specially constructed, reconstructed or foreign vehicle, such fact shall be stated in the application."
Section 2154 (39) L of Code of Virginia (1926) reads in part as follows:
"Said certificate of title when issued by the Motor Vehicle Commissioner showing a lien or encumbrance, shall be deemed adequate notice to the Commonwealth, creditors and purchasers that a lien against the motor vehicle exists, and the recording of such reservation of title, lien or encumbrance in the county or city where the purchaser or debtor resides or elsewhere, is not necessary and shall not be required. * * *
"Liens or encumbrances placed on motor vehicle * * * must be shown on said certificate of title * * * Said certificate of title of such motor vehicle shall be delivered to the person or corporation holding the first lien or encumbrance upon said motor vehicle and retained by him or them until the entire amount of his or their lien is fully paid by the owner of said vehicle."
It would seem that where the lien of the vendor or his assignee is recorded in the Motor Vehicle Commissioner's Office and on the face of the title certificate, the recording of the conditional sale contract shall not be necessary. And the conditional sale contract, though not recorded, is an essential and integral part of the whole transaction. The contract contained the correct motor and serial numbers of said automobile.
The title certificate B477639, issued to the bankrupt, and in possession of appellant at the time of the bankruptcy, showed on its face that the said automobile was a Hudson brougham, 1928 model; that the owner was William M. Lowry, 427 Wilson Road, Norfolk, Va.; that the said Lowry states on oath that the said motor vehicle is subject to the following lien: $530.28 on conditional sale contract, dated January 18, 1929, in favor of C.I.T. Corporation, Norfolk, Va.
The conditional sale contract signed by the bankrupt shows on its face that a Hudson brougham, 1928 model, motor number 497577, serial number 784296, was sold to William M. Lowry, 427 Wilson Road, Norfolk, Va.; that there was a balance due of $530.28; that the contract was dated January 18, 1929, and that said chattel will be kept at 427 Wilson Road, Norfolk, Va.
The sole question in the case is whether the fact that an erroneous number was given in the title certificate as the engine number would invalidate the lien of appellant, and, in considering this question, we must bear in mind that the bankruptcy court is in effect a court of equity, and endeavors, where possible, to do equity. Scottsville Nat. Bank v. Gilmer, 37 F.(2d) 227, decided by this court, January 14, 1930. This being true, it seems to us inequitable to hold that a certificate of title, under the Virginia law, that had an erroneous engine number but that referred to a conditional sale contract that gave the correct engine and serial numbers, correctly described the automobile, the place where it could be found and the person who owned and had possession of it, would not be sufficient to maintain the lien as against the trustee in bankruptcy.
Under the circumstances here to take that which in all equity and justice is the property of appellant for the benefit of general creditors would not be doing equity. The certificate of title, defective as it was, was sufficient to pass title to the bankrupt, and upon the bankrupt's title and possession of the automobile the trustee bases his claim. The question at once arises that if the certificate was sufficient for the one purpose why then is it not sufficient for the purpose of maintaining the lien?
Certainly the statement of the lien in the certificate of title would be sufficient to put a purchaser for value upon notice as to the lien. MacCallum-Donahoe Finance Co. v. Warren et al., 122 Wash. 176, 210 P. 368.
It has also been held that a wrong registration number inserted in an application for insurance did not invalidate the insurance where there was evidence identifying the car as the one intended to be insured, and when *323 the car was the only one owned by the insured. White v. Home Mut. Ins. Ass'n, 189 Iowa, 1051, 179 N. W. 315. See, also, Moore v. North River Ins. Co., 111 Kan. 420, 207 P. 760; Northwestern Nat. Ins. Co. v. Chambers, 24 Ariz. 86, 206 P. 1081.
The same rule that applies to the description of an article in a chattel mortgage or conditional sale contract would apply here, and this court has held in Tilton v. H. W. Wade Mfg. Co. (C. C. A.) 2 F.(2d) 358, 359, that a description not more specific or detailed than the one here was sufficient. "The general rule upon this subject as stated by the text-writers, and which seems to be sustained by the weight of decided cases, is, that a deed of trust or mortgage conveying chattels, when recorded, is constructive notice to third persons, if the description in the deed or mortgage is such as will enable them to identify the property, aided by the inquiries which the deed or mortgage itself indicates and directs." Tilton v. H. W. Wade Mfg. Co., supra. See, also, Florence v. Morien, 98 Va. 26, 34 S. E. 890.
In National Cash Register Co. v. Marks, 13 F.(2d) 628, the opinion of the Circuit Court of Appeals of the Sixth Circuit is also to the same effect.
Appellee relies upon a number of cases from other states on the question of the faulty description, but a study of these cases shows that point to have been settled under statutes different from the Virginia statute, which latter only requires a "brief description" of a vehicle, and we therefore do not think the cases relied upon are controlling here. Certainly the greater equity is to allow appellant's claim, and the order of the court below is accordingly reversed, and this cause is remanded.
Reversed.