HORTON, Judge.
This appeal is from an adverse judgment in a non-jury trial.
The appellant, in October, 1962, allegedly purchased from one Foster a 1962 Thunderbird automobile purportedly bearing serial number 2Y83Z136916 and titled under Florida certificate of title number 1164087. The purchase from Foster by the appellant was consummated at the Curtiss National Bank where he had applied for and obtained a loan in the sum of approximately $2,500. In order to comply with conditions necessary to obtain the loan from Curtiss National Bank, a policy of insurance was obtained from the appellee which, inter alia, insured the appellant against loss occasioned by the theft of the automobile. The automobile disappeared from the appellant’s place of employment on or about December 27, 1962, and has not been recovered or heard from since that time. Demand was made upon the appellee under the theft provisions of the policy issued to appellant and liability was denied. This suit followed.
The appellee filed an answer in which it generally denied the allegations of the complaint, alleged that the premiums had been tendered to the appellant, and as an affirmative defense, alleged that the appellant had made certain representations and statements to appellee which he warranted to be true, to-wit: that he owned a 1962 Thunderbird automobile with the numbers aforesaid, when in truth and in fact, no such automobile existed; that such representations were false and untrue and were known to be false and untrue when made; and such representations induced the appellee, which relied upon them, to insure the automobile in question. As a result of these false representations the policy was void.
On a trial of the issues made by the complaint and answer, the trial judge found in favor of the appellee and entered judgment. This appeal followed.
The appellant contends that the trial court committed error when it found that the 1962 Thunderbird owned by the appellant was different from the automobile insured and described in the policy of insurance. On the other hand, the appellee contends that since the appellant had possession of one automobile and a title certificate to a different automobile, that theft insurance based on the title certificate does not afford coverage of a different automobile.
The evidence and testimony at the trial in summary disclosed that a 1962 Thunderbird automobile bearing serial number 2Y83Z136916 under Florida title certificate number 1164087 was in May, 1962, owned by National Brands Tire Co.; that this automobile, while owned by National Brands Tire Co., was involved in an accident at which time it was insured under a policy of insurance written by the Home Indemnity Company; that after the accident or collision, which resulted in almost total loss of the automobile, National Brands Tire Co. executed an automobile assignment agreement to Home Indemnity Company, who in turn sold the damaged automobile to Overpass Auto Parts of Miami on July 10, 1962, for the sum of $743. Overpass Auto Parts then in turn sold the back body section, one tire wheel and hub caps to Fay’s Auto Sales of Louisville, Kentucky. The cowling section, which bore the identification number, was sold to James Foster for the sum of $200, at which time, Overpass executed to Foster a transfer of the Florida title certificate number 1164087 which had theretofore been transferred to Overpass by National Brands Tire Co. The sale to Foster took place ostensibly on October 8, 1962. Around the middle of October, 1962, the appellant claims to have seen an advertisement in a local newspaper offering for *842 sale a 1962 Thunderbird automobile and answered the ad. Mr. Foster at that time appeared on the scene, brought the automobile to appellant’s home where appellant gave him $100 to bind the sale of the automobile. The appellant testified that the automobile appeared to be new, was in good condition, and had air conditioning, power equipment, radio, etc. After obtaining approval on his loan application to Curtis National Bank, the appellant brought Mr. Foster to the bank and all the papers necessary to transfer the title on title certificate number 1164087 were executed by Foster and Gatti and the bank thereafter placed the insurance, a portion of which is the subject matter of this litigation.
It does not appear that the appellant did other than sign an application for insurance and the information as to the identity of the automobile was furnished from the Florida title certificate described above by an official of the Curtiss National Bank to the insurance company’s representative. The automobile was not inspected or seen by either the bank or the appellee insurance company, although the appellant had offered to bring the automobile to the bank on the day he appeared with Mr. Foster. The two addresses which Mr. Foster furnished, both to Overpass Auto Parts and to the Motor Vehicle Department of Florida, allegedly are non-existent.
The appellant is employed as a shop foreman or manager of an automobile transmission repair establishment. The owner of this establishment testified at the trial that he had not only seen the 1962 Thunderbird automobile which the appellant purchased from Mr. Foster, but had driven it on several occasions. Two other witnesses appeared on behalf of the appellant and testified that they had either seen or ridden in the automobile. There is an absence of testimony or evidence on the part of the appellee to prove its affirmative defenses. Nowhere has it been shown that any representations of any kind were made by appellant to appellee to obtain the insurance. The facts appear to be that the bank furnished the information to the insurance company in order to have coverage for the loan which it was extending to appellant. The mistake, if any, was brought about through no fault of the appellant. See Caldwell v. City of New York Ins. Co., Mo.App.1922, 245 S.W. 602, 604.
We conclude that the parties intended to insure against loss by theft of a 1962 Thunderbird automobile then possessed by appellant and that the theft provisions of the policy covered such loss. It is suggested that the automobile which appellant purchased from Mr. Foster might have been a stolen automobile but there is no proof in the record of such fact. We could speculate as to any number of circumstances which might have existed that would lead us to different legal conclusions in this case, but the fact remains that the record establishes that the appellant did have in his possession, and the court so found, at the time of the issuance of the policy a 1962 Thunderbird automobile; that being so, the appellant possessed an insurable interest therein which appellee sought to cover by its policy of insurance. See 7 Am.Jur.2d, Automobile Insurance, §§ 11, 12. We are not called upon to, nor do we, decide by this opinion the relative rights of parties to a contract of insurance covering loss by theft of an automobile possessed by one without knowledge that it had previously been stolen. It is generally held where the insurer attacks the title of the insured to property insured, the burden is on the insurer to show that the insured did not own the property. See Giles v. Citizens Ins. Co. of Missouri, 32 Ga.App. 207, 122 S.E. 890.
In the Giles case, the original factory number on the automobile had been changed without the knowledge of the insured, and the court in that case held that such would not render the contract of insurance null and void with reference to the insurance on the car actually dealt with by the contract *843 ing parties. So it is here. The parties intended and contracted with reference to an automobile which the record shows actually existed at the time of the issuance of the policy. Likewise, in Moore v. North River Insurance Co., 111 Kan. 420, 207 P. 760, the Kansas court held along the same lines as the Georgia court in the Giles case. In the Moore case, a policy of insurance, including theft, had been written on a Ford automobile bearing a specific number. The answer alleged that when the policy was issued the car was not the property of the insured but belonged to another party from whom it had been stolen. There was a further defense that the insured had falsely stated the amount he had paid for the automobile in applying for the policy with the insurer. The agent for the insurer testified he had written the application from information which had been furnished to him by the insured from a license receipt issued by the State of Kansas. No effort was made to check the information against the number appearing on the actual automobile. It was shown that the trial that an automobile bearing the number contained in the policy of insurance was owned by a person in New York City who had purchased it from the Ford factory long prior to the issuance of the insurance policy. In holding for the insured the court said:
“The number of the car, as recited in the policy, was merely a matter of description. It was the particular car which the defendant insured and not the number.”
See also Wyman v. Security Insurance Co., 202 Cal. 743, 262 P. 329; White v. Home Mut. Ins. Ass’n., 189 Iowa 1051, 179 N.W. 315; and Caldwell v. City of New York Insurance Co., supra. Contra, see North River Insurance Co. v. Atkinson, 137 Va. 313, 119 S.E. 46.
Since the trial judge concluded as a matter of fact that appellant possessed a 1962 Thunderbird automobile at the time of the issuance of the policy, we think he erred in failing to apply the correct rule of law. It follows'that the judgment appealed is reversed, and the cause is remanded with directions to enter judgment in favor of the appellant.
Reversed and remanded with directions.