**YORK-SHIPLEY, INC., Plaintiff-Appellee,**

v.

**ATLANTIC MUTUAL INSURANCE COMPANY et al., Defendants-Appellants.**

No. 72-2361.

United States Court of Appeals, Fifth Circuit.

May 30, 1973.

Roland R. Parent, Miami, Fla., Joseph J. Magrath, New York City, for defendants-appellants.

Adams, George & Wood, Miami, Fla., for Atlantic Mut.

Thomas J. Schulte, Suarez, Carricate & Freire, Miami, Fla., for Int'l Fwdrs.

Before BELL and THORNBERRY, Circuit Judges, and GROOMS, District Judge.

ON PETITION FOR REHEARING

PER CURIAM:

Appellee urges on petition for rehearing that it proceeded in the district court on its insurable security interest as a creditor or lien holder, U.C.C., Article 2, § 501(2),[1] or in the alternative, as assignee from the buyer for the purpose of collecting the claim against the insurance company.

Our prior decision in this matter[2] is premised on the supposition that appellee had no insurable interest in the shipment, whether by title or security interest and thus lacked standing. It is implicit in our decision that the insurance was purchased for the buyer to accommodate the C.I.F. shipment by appellee, the seller, and not for appellee's own interest. It is now apparent that the principal question in the case and one that has not been answered is whether appellee was insured at all. If so, the subsequent question will be to identify such insurable interest as appellee may have, if any.

So that these questions may be reached we vacate our holding that appellee lacked standing as well as the judgment of the district court and remand with direction that these questions be determined.

Vacated and remanded with direction.

1. See Local Rule 20.

1. 19A Florida Stat.Ann. § 672.2-501(2):
"The seller retains an insurable interest in goods so long as title to or any security interest in the goods remains in him . . ."

2. 474 F.2d 8 (5 Cir., 1973).