**SIG M. GLUKSTAD, INC., d/b/a Miami International Forwarders, Plaintiff-Appellant,**

v.

**LINEAS AEREAS PARAGUAYAS and Allstate Insurance Company, jointly and severally, Defendants-Appellees.**

No. 79-3147

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 19, 1980.

Sandler & Sandler, P. A., Martin L. Sandler, Miami, Fla., for plaintiff-appellant.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Batchelor, Brodnax, Guthrie & Primm, Miami, Fla., for Allstate Ins. Co.

Timothy J. Armstrong, Alvaro L. Mejer, Miami, Fla., for defendants-appellees.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Glukstad is a freight forwarder for shipments of watches arriving by airline in Miami, Florida, from Hong Kong, which he routes for an undisclosed principal to various foreign countries. He does not have any financial interest in the cargo shipped, but acts strictly as a forwarder. Glukstad received fifteen crates of watches in Miami from Hong Kong and dispatched them by Lineas Aereas Paraguayas (LAP) to a purchaser in Asuncion, Paraguay. Allstate insured them under a Marine Open Cargo Policy with Glukstad's business as the named insured. One crate did not reach that destination. When Allstate refused to pay for the loss, Glukstad sued it and LAP in state court for the $16,400 value of the watches. Allstate removed the action to the federal district court for the southern district of Florida, alleging diversity of citizenship.[1] The district court dismissed the suit against LAP and granted summary judgment to Allstate on the ground that Glukstad did not have an insurable interest in the crate of watches.

■ The district court apparently based its determination that Glukstad lacked an insurable interest on its conclusion under Florida law that an agent could not obtain insurance in its own name on behalf of an undisclosed principal. Florida law, however, does not support that conclusion. *Lighting Fixture & Electric Supply Co. v.*

*Continental Insurance Co.,* 420 F.2d 1211, 1215 (5th Cir. 1969) (under Florida law, insurance contract enforceable that agent entered in its own name for undisclosed principal); *see Pittman v. Roberts,* 122 So.2d 333, 334 (Fla.App.1960) (construction contract enforceable that agent entered in own name for undisclosed principal). Glukstad's principal must have had an insurable interest, however, for the insurance policy to have been valid. *Aetna Insurance Co. v. King,* 265 So.2d 716, 718 (Fla.App.1972); *see York-Shipley, Inc. v. Atlantic Mutual Insurance Co.,* 474 F.2d 8, 9 (5th Cir.), *vacated on other grounds,* 476 F.2d 1283 (5th Cir. 1973) (for factual findings).

■ The factual issue whether Glukstad's undisclosed principal had an insurable interest in the cargo when it disappeared was raised in this record. *See Airvac, Inc. v. Ranger Insurance Co.,* 266 So.2d 178, 181 (Fla.App.1972), *modified on other grounds after remand,* 330 So.2d 467 (Fla.1976) (affirmative defense); *Gatti v. American Bankers Insurance Co.,* 164 So.2d 840, 842 (Fla.App.1964). Glukstad affirmed in his deposition that his "undisclosed principal is the owner" of the missing crate. If the principal retained ownership during the air transport to Asuncion its agent would have an insurable interest in the cargo. The record in its present stage of development does not resolve whether the principal indeed did own the watches before or after transportation from Hong Kong to Miami, whether the underlying contract was a shipment contract or a destination contract, and whether it was a C.I.F. contract. These facts are essential to a determination on the merits whether Glukstad's principal actually had the asserted insurable interest.

■ The undisclosed principal had "an insurable interest in [the] goods so long as title to or any security interest in the goods remain[ed] in him." Fla.Stat.Ann. § 672.2–

---

1. Glukstad's amended complaint shows it to be a "foreign corporation" with its principal place of business in Miami, Dade County, Florida. Allstate's removal petition asserts that Glukstad is a "Florida corporation" and that Allstate is an "Illinois corporation" with its principal place of business in a place other than Miami, Dade County, Florida. These allegations do not establish that diversity jurisdiction exists. On remand, Glukstad may move to correct the deficiency in his complaint regarding the citizenship of Allstate, and the district court is directed to consider these pleading deficiencies at the outset.

501(2) (West). *See generally* 3A *Bender's Uniform Commercial Code Service* § 9.06 (R. Duesenberg & L. King eds. 1980). The principal retained the risk of loss until he delivered the goods to the carrier if the contract were a shipment contract, as the ordinary contract is without specific contrary terms, but he carried the risk of loss until the carrier tendered the goods to the buyer in Asuncion if the contract were a destination contract. Fla.Stat.Ann. §§ 672.-2–509(1), 672.2–503 & U.C.C. Comment 5 (West); 3A *Bender's Uniform Commercial Code Service, supra,* § 8.03[1][a]. The underlying contract in the present case fell in the shipment contract category if it were an ordinary C.I.F. contract. 3A *Bender's Uniform Commercial Code Service, supra,* § 8.03[1], at 8–35; *see* Fla.Stat.Ann. § 672.-2–320 (West). *Compare York-Shipley, Inc. v. Atlantic Mutual Insurance Co.,* 474 F.2d at 9 *and Farbwerke Hoeschst A. G. v. M/V "Don Nicky,"* 589 F.2d 795, 798 (5th Cir. 1979) *with* 3A *Bender's Uniform Commercial Code Service, supra,* § 8.03[1], at 8–36 n. 15. The relatively broad definition of insurable interest under Fla.Stat.Ann. § 627.-405(2) does not govern the wet marine and transportation insurance involved here, *see id.* § 624.607(2). The instructions from Glukstad's principal to obtain cargo insurance could not create an insurable interest after risk had passed. We cannot determine from the present record when the risk of loss passed from the undisclosed principal to the Paraguayan buyer and when the principal no longer had an insurable interest.

Although Glukstad has refused to disclose his principal's identity or the underlying contract, Allstate has not made and the district court has not granted a motion to compel production of that information. On remand, the parties will have the opportunity to establish those details of the underlying contract that are relevant to the existence or nonexistence of an insurable interest. Allstate is clearly entitled to information necessary to a determination of that issue. Whether disclosure of the principal's identity will be required is a question for the district court. We do not intimate any view on the merits of that question.

REVERSED AND REMANDED.