**WILLIAM D. BRANSON, LTD., Plaintiff,**

v.

**TROPICAL SHIPPING & CONSTRUCTION CO., LTD., Defendant.**

No. 82–8393–CIV.

United States District Court, S.D. Florida, N.D.

Nov. 26, 1984.

Joseph Robinson, Miami, Fla., for plaintiff.

Robert Blanck, Hayden & Milliken, Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendant's motion for summary judgment (docket # 23). The Court has considered the motion, and plaintiff's memorandum in opposition, and being otherwise duly advised, it is

ORDERED AND ADJUDGED that the defendant's motion for summary judgment be and the same is hereby GRANTED, and plaintiff shall have twenty days from entry of this order to amend its complaint in conformity with this decision.

The starting point for the court's analysis is section 672.2–320, Florida Statutes. Fla.Stat.Ann. § 672.2–320 (West 1966). Section 672.2–320 provides in pertinent part:

(1) The term C.I.F. means that the price includes in a lump sum the cost of the goods and the insurance and freight to the named destination. . . .

(2) Unless otherwise agreed and even though used only in connection with the stated price and destination, the term C.I.F. destination or its equivalent requires the seller at his own expense and risk to:

(a) Put the goods into the possession of a carrier at the port for shipment and obtain a negotiable bill or bills of lading covering the entire transportation to the named destination; and

(b) Load the goods and obtain a receipt from the carrier (which may be contained in the bill of lading) showing that the freight has been paid or provided for; and

(c) Obtain a policy or certificate of insurance, including any war risk insurance, of a kind and on terms then current at the port of shipment in the usual amount, in the currency of the contract, shown to cover the same goods covered by the bill of lading and providing for payment of loss to the order of the buyer or for the account of whom it may concern; but the seller may add to the price the amount of the premium for any such war risk insurance; and

(d) Prepare an invoice of goods and procure any other documents required to effect shipment or to comply with the contract; and

(e) Forward and tender with commercial promptness all the documents in due form and with any indorsement necessary to perfect the buyer's rights.

. . . .

(4) Under the term C.I.F. . . . unless otherwise agreed the buyer must make payment against the tender of the required documents and the seller may not tender nor the buyer demand delivery of the goods in substitution for the documents.

The contract in question provided for the shipment of tomatoes C.I.F. Bridgetown, Barbados. Upon arrival in Bridgetown, the buyer inspected the tomatoes and found them to be spoiled. Finding the shipment unsatisfactory, the buyer shipped the tomatoes back to the seller-shipper, William D. Branson, Ltd. ("Branson, Ltd."). The question now is whether Branson, Ltd. has an action for the price of the tomatoes against the common carrier, Tropical Shipping & Construction Co. ("Tropical").

■ Tropical maintains that Branson, Ltd. is not a proper plaintiff in this action. As Tropical construes section 672.2–320, the buyer in Bridgetown is the party who must sue for the price of the tomatoes. All other facts being undisputed, Tropical would be correct, for title and risk of loss under a C.I.F. shipment contract passes to the buyer upon shipment if the seller has properly performed all his obligations with respect to the goods. *See Sig M. Glukstad, Inc. v. Lineas Aereas Paraguayas*, 619 F.2d 457, 459 (5th Cir.1980); Fla.Stat. Ann. § 672.2–320 comments 1, 16 (West 1966).

The buyer would be the proper plaintiff if he had indeed accepted the goods. However, two facts militate against this conclusion. First, a representative of plaintiff, Mr. Charles William Branson, testified in his deposition that the buyer did not pay for the tomatoes. Deposition at 28 (deposed July 26, 1984). Second, the tomatoes themselves were not only condemned by the Ministry of Health of Barbados, *see* plaintiff's response to defendant's interrogatories, no. 21 (filed January 27, 1983), but were deemed unsalvagable by the United States Department of Agriculture ("USDA") and dumped. Deposition at 28.

■ Generally, the buyer must make payment against tender of the required documents in order to entitle and enable him to receive the goods. Fla.Stat.Ann. § 672.2–320 comment 1 (West 1966). The contract may provide that the buyer has no

right to inspect the goods prior to payment or acceptance of the documents. Fla.Stat. Ann. §§ 672.2–320 comment 1, 672.2–512 (West 1966). In this case, however, the contract, pleadings, interrogatories and depositions indicate that payment was to await arrival of the tomatoes. In this latter situation, inspection before payment is proper since the goods are then "available for inspection." Fla.Stat.Ann. § 672.2–513 comment 5 (West 1966).

The significance of the foregoing is that under the facts as construed in the plaintiff's favor, it appears that the buyer never accepted the shipment of tomatoes from the seller because he found them to be substantially nonconforming. The buyer's shipment of the tomatoes back to the seller is further evidence of the buyer's non-acceptance; and the seller's decision to call in the USDA and dump the tomatoes is consistent with the seller's continued dominion and control over the goods. Even section 672.2–320 recognizes the soundness of this conclusion: "The buyer must pay before inspection and assert his remedy against the seller afterward *unless the nonconformity of the goods amounts to a real failure of consideration ....*" Fla.Stat. Ann. § 672.2–320 comment 12 (West 1966) (emphasis added).

■ In summary, contrary to the defendant's protestations, the buyer does not have an action against the common carrier for the price of the tomatoes. The more important question, however, is whether the seller, Branson, Ltd. can maintain the instant action against Tropical?

■ The court finds that Branson, Ltd. is not a proper plaintiff in this action. Plaintiff's representative Charles William Branson testified in his deposition that Branson, Ltd.'s insurance company paid the seller in full for the total cost of the tomatoes. Deposition at 28. The insurance payment included Branson, Ltd.'s "cost factor" and "profit" for the sale to the buyer. The seller's collection of the insurance proceeds was proper because it had never relinquished title to the tomatoes. Although the insurance stipulated by the C.I.F. term is for the buyer's benefit, the facts of this case suggest that the buyer neither accepted nor enjoyed the benefits of the bargain. Because plaintiff has been made whole by its insurance company, it is abundantly clear that Branson, Ltd. no longer has an action for damages against the common carrier, Tropical.* Without deciding the merits, it appears that if any person has an action against Tropical, it is Branson's insurance company, which conceivably has a subrogation claim against the common carrier.

Simply because Tropical is not being sued by the real party in interest is not sufficient reason to dismiss this case outright. Rule 17(a), Fed.R.Civ.P., provides that "[n]o action may be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest ...." Thus, although the court grants defendant's motion for summary judgment, plaintiff shall have twenty days from entry of this order to join or substitute the real party in interest.

---

* The gravamen of plaintiff's complaint was that [Tropical's] vessel arrived at the port of destination where it and the Defendant made delivery of the said shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matters and things stated in Schedule A, all in violation of the Defendant's and the said vessel's obligations and duties as common carriers of merchandise by water for hire.
Complaint ¶ 5 (filed Sept. 3, 1982).